[Civ. No. 8421.   Fourth Dist., Div. One.   May 26, 1966.]

SCOTSMAN MANUFACTURING CO., INC., Petitioner, v. SUPERIOR COURT OF ORANGE COUNTY, Respondent; THE ROBERTS BRASS MANUFACTURING COMPANY, Real Party in Interest.

Welsh, Cummins & White and W. F. Rylaarsdam for Petitioner.

No appearance for Respondent.

Betts & Loomis and John K. Trotter, Jr., for Real Party in Interest.

COUGHLIN, J.—Petitioner, Scotsman Manufacturing Co., Inc., seeks a writ of prohibition to restrain enforcement of a discovery order obtained upon motion of real party in interest, The Roberts Brass Manufacturing Company. The order was made in an action against petitioner, real party in interest, and others, to recover damages on account of injuries which the complaint alleges resulted from the explosion of a butane lamp installed in a trailer by petitioner, and containing a valve manufactured by real party in interest. The action was

filed December 8, 1964. Service upon all defendants, except real party in interest, was effected in January 1965. In June of that year, petitioner's attorney employed Dr. D. A. Morelli to examine the butane lamp and report to him respecting such examination for the purpose of assisting him in the preparation of petitioner's case. In the same month Dr. Morelli examined the lamp and delivered to the attorney his report in the premises. On September 3, 1965, real party in interest was served with a cross-complaint filed in the action by one of the defendants; on October 1, 1965, was served with the original complaint; and on December 24, 1965, was served with a cross-complaint filed by petitioner. Thereafter, real party in interest discovered that experts employed by three of the parties to the action, including petitioner, had examined the lamp and made reports respecting their examinations; received copies of two of these reports; was refused a copy of the report by petitioner's expert; and on March 2, 1966, obtained the subject order directing petitioner to produce this report. Thereupon petitioner brought the instant proceeding to restrain enforcement of this order upon the ground, among others, the report of Dr. Morelli is a work product; there was no showing that denial of discovery thereof would unfairly prejudice real party in interest in preparing its defense or would result in an injustice; and granting the application for discovery of this report was an abuse of discretion. We have concluded these contentions are well taken.

The report in question followed employment of Dr. Morelli by petitioner's attorney to assist in the preparation of its case and constituted a work product subject to the discovery limitations prescribed by section 2016 of the Code of Civil Procedure. (*San Diego Professional Assn.* v. *Superior Court,* 58 Cal.2d 194, 204 [23 Cal.Rptr. 384, 373 P.2d 448, 97 A.L.R.2d 761] ; *Suezaki* v. *Superior Court,* 58 Cal.2d 166, 177 [23 Cal.Rptr. 368, 373 P.2d 432, 95 A.L.R.2d 1073] ; *Brown* v. *Superior Court,* 218 Cal.App.2d 430, 437, 439-443 [32 Cal. Rptr. 527] ; Generally see *Swartzman* v. *Superior Court,* 231 Cal.App.2d 195, 202-206 [41 Cal.Rptr. 721].) Subdivisions (b) and (g) of that section were added in 1963. They provide respectively: ''The work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice . . .'', and ''It is the policy of this State (i) to preserve the rights of attorneys to prepare cases for trial with that degree

of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of cases and (ii) to prevent an attorney from taking undue advantage of his adversary's industry or efforts.''

In a declaration filed in support of the motion for discovery the attorney for real party in interest asserted it would be greatly prejudiced in preparing its defense of the action and an injustice would result unless discovery of the subject report were allowed because it had not been brought into the action until eight months after the other parties were served, and there was very little time remaining for preparation of its defense, as the case had been set for pretrial on May 13, 1966, and for trial on June 6, 1966. This is the only legal showing before the trial court tending to support the claim of real party in interest that denial of the requested discovery would unfairly prejudice it in the preparation of its defense or result in an injustice. This claim of prejudice or injustice, obviously, is premised upon the need to obtain information contained in the report within the allegedly limited time allowed for preparation of a defense. Thus, any prejudice or injustice in the premises is attributable primarily to the fact that the court set the case for hearing on June 6, 1966, with its consequent limitation upon the time for preparation of a defense, rather than upon any denial of discovery of Dr. Morelli's report. If prejudice or injustice to real party in interest results from an alleged restriction upon the time for preparation of a defense, its remedy lies in an order fixing another trial date.

Before this court, real party in interest asserts in its ''Points and Authorities,'' which are a part of its response to the petition for writ of prohibition, that during oral argument before the trial court its attorney advised petitioner's attorney if the latter would indicate his intention not to use Dr. Morelli nor his report ''in any manner in the trial of this case,'' real party in interest would dismiss its motion for discovery, but petitioner's attorney refused to indicate his intention in the premises. Relying upon this asserted fact, real party in interest contends that, under the decision in *Swartzman* v. *Superior Court, supra,* 231 Cal.App.2d 195, 202-204, the report of Dr. Morelli no longer is a work product subject to the limitations upon discovery prescribed by section 2016 of the Code of Civil Procedure.

In *Swartzman* v. *Superior Court, supra,* 231 Cal.App.2d 195,

200-204, the appellate court approved a trial court policy requiring the exchange of appraisal reports between parties to an eminent domain proceeding, and also approved an order prohibiting the taking of the deposition of an appraiser employed by the condemning agency based upon a refusal by the landowner, implied from his conduct, to exchange appraisal data. In the course of its opinion the appellate court cogently analyzed the different statuses of an expert, employed by a litigant's attorney to examine a subject of litigation and to assist in the preparation of his client's case, as each relates to the discoverability of the results of the expert's examination, his information in the premises, his opinions, and reports by him to the attorney. As noted therein, insofar as the product of this employment relates to the preparation by the attorney of his client's case, it is a work product not subject to discovery, except as provided in subdivision (b) of Code of Civil Procedure, section 2016; but if and when the expert becomes a potential witness on behalf of the client the product of his employment is subject to discovery. However, the mere fact the expert may have the dual status of a prospective witness and of adviser to the attorney, does not remove the product of his services rendered exclusively in an advisory capacity, as distinguished from the product of services which qualify him as an expert witness, from the work product limitation upon discovery. ▮ Under the ruling in *Swartzman*, the information and opinion of the expert respecting the subject matter about which he is a prospective witness are subjects of discovery by interrogation or deposition procedures and, if submitted in a report confined thereto, by production of such a report. On this basis the valuation reports of appraisers in eminent domain proceedings are subject to discovery under the generally applicable rules. However, wherever the report may include the information and opinions of the expert given to the attorney not only in his capacity as a prospective witness but also as an adviser in the preparation of the client's defense, it is subject to the work product limitation prescribed by statute. ▮ The report may contain information and opinions respecting unfavorable aspects of a client's case as well as those favorable thereto and to require its production would violate the policy declared in section 2016 to encourage the thorough preparation of a case including an investigation, not only of its favorable but also its unfavorable aspects. ▮ Furthermore, where the expert has submitted a report pursuant to his employment in both an advisory and prospective witness capac-

532

ity, it would defeat the policy objective of the work product rule to require a showing, as a condition to assertion of the work product limitation, that his report actually contained advisory or unfavorable information, and such a requirement should not be imposed. On the other hand, the information and opinions of the expert relevant to his status as a witness may be discovered through interrogation and deposition procedures. ▮▮ If, as asserted in the instant case, petitioner is unwilling to declare its intention respecting the prospective status of Dr. Morelli as an expert witness, the trial court, in an appropriate proceeding, would be authorized to permit discovery by interrogation or deposition. (*Swartzman* v. *Superior Court, supra,* 231 Cal.App.2d 195, 204-205.)

Under the circumstances heretofore noted denial of production of the subject report would not unfairly prejudice real party in interest in preparing its defense nor result in an injustice.

Let a writ of prohibition issue as prayed.

Brown, P. J., concurred.