[Civ. No. 34815. Second Dist., Div. Two. Nov. 21, 1969.]

DOW CHEMICAL COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MAY STORES SHOPPING CENTERS, INC., Real Party in Interest.

**2**

---

**COUNSEL**

LaFollette & Johnson and Rudolf H. Schroeter for Petitioner.

No appearance for Respondent.

Lawler, Felix & Hall and John G. Wigmore for Real Party in Interest.

## OPINION

**ALARCON, J. pro tem.**\*—Petition for writ of mandate to compel respondent court to set aside its order of denial and to grant petitioner's motion for a commission to take the deposition of Werner Gumpertz, a nonresident expert witness.

Real party in interest, The May Stores Shopping Centers, Inc. (hereinafter referred to as plaintiff), filed its action in respondent court on January 6, 1967, seeking damages representing out-of-pocket costs of the repair and replacement of the roof of its Topanga Plaza Shopping Center, alleging that in 1966 the roof, constructed in 1963, failed by reason of its defective design, improper construction and defective materials incorporated therein. Petitioner is one of the defendants, it being alleged that one of the roof components was manufactured by it.

Between the time of said alleged failure in December 1966, and the time of the replacement of said roof in about August 1967, representatives of virtually all parties to said action visited said roof, which had a surface area in excess of 275,000 square feet. During this period, as well as during and after the replacement, several sales representatives and other employees of petitioner visited said roof on numerous occasions. In March 1967, one Edward Schreiber, a consultant engineer engaged by petitioner for that purpose, made an inspection and prepared a report containing his findings and conclusions. In response to subpoena served by counsel for plaintiff, a copy of said report was furnished to plaintiff.

On or about February 27, 1967, counsel for plaintiff engaged one Werner Gumpertz, an independent engineer with the firm of Simpson, Gumpertz & Heger, Inc., of Cambridge, Massachusetts, to assist in the preparation for trial, to examine said roof, and to reach conclusions and opinions regarding the causes of its alleged failure. Mr. Gumpertz is a potential witness in the case.

In April 1969, motion was made pursuant to section 2024, Code of Civil Procedure, for a commission to take the deposition of Werner Gumpertz, a resident of and doing business in Cambridge, Massachusetts. Petitioner alleges in the within petition that said notice of motion was accompanied by a declaration of one Rudolf H. Schroeter wherein "were set forth the above facts pertaining to Werner Gumpertz and the further fact that counsel for the Real Party in Interest had in writing refused to comply with a written request that Werner Gumpertz be made available for deposition examination either in his home state or before a commissioner of Respondent

---

\*Assigned by the Chairman of the Judicial Council.

Superior Court." We have not been furnished with a copy of the motion or of said supporting declaration. It appears from allegations in the within petition, admitted by plaintiff in its answer thereto, that petitioner represented to the trial court that its intention was "to take the deposition testimony of witness Werner Gumpertz pertaining to his professional qualifications and experience, observations and tests made regarding the Topanga Plaza Shopping Center roof and all opinions and conclusions formed or based thereon" and that it was not the intention of petitioner "to inquire into any conversations which Werner Gumpertz may have had with representatives of plaintiff or with plaintiff's counsel in a capacity as advisor and counselor on trial preparation or strategy."

Plaintiff filed a memorandum of points and authorities, accompanied by a declaration of its counsel, in opposition to said motion in which plaintiff raised issues of (1) lack of good cause, (2) attorney-client privilege,[1] (3) attorney's work product, and (4) oppression. Plaintiff has furnished us with a copy of its counterdeclaration, which is set forth in the margin.[2]

---

[1] In supplemental points and authorities filed in respondent court, plaintiff stated, "Plaintiff contends that Werner Gumpertz' testimony is within the attorney-client privilege, but does not urge that contention at this time."

[2] "On or about February 27, 1967, I engaged Werner Gumpertz, an independent engineer with the firm of Simpson, Gumpertz & Heger, Inc. of Cambridge, Massachusetts, to assist me in the preparation for and the trial of this action and as an incident thereto to examine the Topanga Plaza Shopping Center roof and to reach conclusions and opinions regarding the cause of its failure.

In order to assist Mr. Gumpertz, plaintiff and I turned over to him all of the information relating to the roof and its subsequent failure to assist Mr. Gumpertz in the assessment and evaluation of the roof's failure and to assist him in reaching his opinions and conclusions. In the course of his employment, Mr. Gumpertz has sought to educate me on the technical problems of the case and toward that end we have discussed many aspects of the case. Mr. Gumpertz has acted as an independent consultant to assist in the preparation and prosecution of this case continuously since February 27, 1967.

Dow and its representatives have been free to visit and examine the roof and were free to do so at any time in 1967 either before, during or after the replacement of the roof. Dow's representatives did visit the roof on numerous occasions in 1967 after the problem had been brought to Dow's attention. Dow's R. R. Anderson and J. M. Greenman visited and examined the roof on January 4, 17 and 18, 1967. On or about March 14, 1967, several employees of Dow visited the roof, including C. A. Infante, national sales manager of Dow's roofing products; Paul Jensen, regional sales manager of Dow's roofing products; Jim Greenman and Ron Anderson. J. M. Greenman visited the roof again on August 28, 31, September 15, October 19 and November 3, 1967. Copies of Dow's reports of these visits are annexed as Exhibits 'A' and 'B', respectively.

In addition, E. T. Schreiber, of Construction Consultants, Inc., of Detroit, Michigan, an independent consultant, examined the Topanga Plaza Shopping Center roof on March 4, 1967 on behalf of Dow for the purpose of ascertaining the causes of the roof failure and to form an opinion and conclusion. Mr. Schreiber prepared and submitted a report to Dow dated August 4, 1967, setting forth his opinions and conclusions.

On or about June 20, 1967, I sent to the Dow Chemical Company a letter, a copy of which was also sent to its attorneys, Messrs. LaFollette & Johnson, dated June 20,

On June 5, 1969, respondent court denied the motion. The order reads: "While the Motion of defendant Dow Chemical Company is merely for an order for the issuance of a commission to take the deposition of plaintiff's expert witness Werner Gumpertz before a notary public in Cambridge, Massachusetts, no useful purpose would be served in issuing the commission if the deposition may not properly be taken. This is particularly true in view of the fact that in all probability the numerous parties to the lawsuit would feel the need to be represented at the deposition in Massachusetts if the commission were issued. Thus the Motion has been briefed and argued on the basis of whether good cause for the taking of the deposition has been shown under *Grand Lake Drive In, Inc.* v. *Superior Court,* 179 Cal.App.2d 122 [3 Cal.Rptr. 621, 86 A.L.R.2d 129] and whether the information sought to be discovered is attorney work product under *Scotsman Mfg. Co.* v. *Superior Court,* 242 Cal.App.2d 527 [51 Cal.Rptr. 511], and, if so, whether the required showing has been made under C.C.P. section 2016(b). There is no question that the only knowledge of the facts in issue possessed by the proposed witness came from his examination of the premises pursuant to his employment of plaintiff's counsel in connection with this case. Under all of the facts of the case, including particularly the extensive examination of the roof in question by Dow's representatives, the Court finds that the moving party has not shown good cause for the examination of plaintiff's expert. Further, the information acquired by the expert, at the instigation of plaintiff's counsel, and the opinions based thereon, constitute the work product of plaintiff's counsel, and the Court does not determine that the denial of this discovery will unfairly prejudice defendant Dow or will result in an injustice. Accordingly the Motion is denied."

The Discovery Act (Code Civ. Proc., §§ 2016-2036) confers upon litigants the right to take depositions without prior court order or approval and, except as to the work product of an attorney,[3] does not require any showing of good cause for the taking of depositions. (*Kramer* v. *Superior Court,* 237 Cal.App.2d 753, 755 [47 Cal.Rptr. 317].) Section

---

1967 inviting Dow to make additional inspections of the roof if it wished. Copy of said letter is annexed hereto as Exhibit 'C'. It is apparent this invitation was accepted by virtue of the subsequent visits by Dow personnel as noted above."

[3] "The work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice, and any writing that reflects an attorney's impressions, conclusions, opinions or legal research or theories shall not be discoverable under any circumstances." (Code Civ. Proc., § 2016, subd. (b).) "It is the policy of this State (i) to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (ii) to prevent an attorney from taking undue advantage of his adversary's industry or efforts." (*Id.*, subd. (g).)

2024[4] provides: "When a party desires to take a deposition out of this State to be used in an action pending in this State, such party shall proceed in the manner provided by Section 2019 of this code if such deposition is to be taken upon oral examination, or in the manner provided by Section 2020 of this code if such deposition is to be taken upon written interrogatories and where necessary or convenient, the court shall issue a commission or letters rogatory as provided in Section 2018(b)."

Thus, the procedure for the taking of a deposition is the same whether it is to be taken within this state (§2019) or out of this state (§2024) (see *Rosen* v. *Superior Court,* 244 Cal.App.2d 586, 591 [53 Cal.Rptr. 347]; *Beverly Hills Nat. Bank & Trust Co.* v. *Superior Court,* 195 Cal.App.2d 861, 867 [16 Cal.Rptr. 236]), with the exception that in the latter situation it may be necessary or convenient to obtain the issuance of a commission. Section 2018, subdivision (b), provides that "A commission or letters rogatory shall be issued by the court in which the action is pending when necessary or convenient on motion and notice and upon such terms and with such directions as are just and appropriate."

The petitioner in this case, in moving for a commission to take a deposition is, essentially, in the same position as a litigant who seeks an order under section 2034, subdivision (a), to compel an answer when a deponent refuses to answer a question upon the taking of his deposition. Since the statute does not require any showing of good cause for the taking of a deposition, normally the mere interposing of an objection or refusal of a deponent to answer a question does not place a burden of showing good cause on the party seeking disclosure. Rather, the statute requires a showing of good cause by a person who seeks to resist or restrict the right to take a deposition by invoking the discretion of the court to issue a protective order.[5] (*Kramer* v. *Superior Court, supra,* 237 Cal.App.2d 753, 756.)

A distinction, however, has been made between an expert and the usual fact witness in pretrial discovery proceedings. (See, *Swartzman* v. *Superior Court,* 231 Cal.App.2d 195, 202-203 [41 Cal.Rptr. 721].) In *Grand Lake Drive In, Inc.* v. *Superior Court,* 179 Cal.App.2d 122 [3 Cal.Rptr. 621, 86 A.L.R.2d 129], the court, after determining that the information sought was not the work product of counsel, states (p. 129): "There is merit, however, in defendant's contention that fairness requires a showing of good

---

[4]All statutory references herein are to the Code of Civil Procedure unless otherwise specified.

[5]". . . for good cause shown, the court . . . may make an order that the deposition shall not be taken, or that . . . certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters . . .; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression." (Code Civ. Proc., § 2019, subd. (b)(1).)

cause as a condition to exercise of the power of the court to require pretrial disclosure of the observations and conclusions of an independent expert engaged by a party as part of his preparation for trial, after occurrence of the event sued upon, to examine and reach conclusions upon an object in issue. This rule avoids the permanency and inflexibility which would follow if the cloak of privilege were extended to cover the testimony of such experts. Its flexibility and terminability commend it." The court was in complete accord with the view that the discovery provisions are to be liberally construed, but stated that "under the broadest statement of its purpose, pretrial discovery is subject to some limitations. . . . One such limitation seems reasonably to be drawn along the line distinguishing fact from opinion. The statute contemplates broad discovery of facts directly relating to the event or transaction in issue. But a somewhat different classification may well be assigned to the testimony of an independent expert engaged after the event or transaction to form an opinion upon some feature of it. . . . While such an expert normally is engaged with the idea that he will be called as a witness, he also serves, in most cases, as an adviser to counsel in determining upon an approach to the features of the case involving expert opinion, and these in turn indicate approach, emphasis, and legal theories for the case as a whole." (Pp. 129-130.) The court concluded that, despite the lack of a specific statutory requirement for the showing of good cause, "the refusal of an independent expert to answer is justified unless the party seeking to compel his answer shows good cause therefor." (Pp. 130-131.) The court then states: "It would be unwise and impractical to attempt to spell out here a rigid definition of good cause upon this issue. It is clear that if the object inspected and tested by the expert is no longer available and has not been examined or tested by the opponent's experts, good cause to interrogate the expert exists. Similarly, where the testing has so altered the object tested that the opponent cannot make like tests, inquiry should be allowed. . . .

"In the infinite variety of circumstances which may arise in the course of human activity, as revealed in the complexities of litigation, many other factors may, collectively or individually, justify inquiry into the acts and thoughts of the independent expert. We do not attempt here to foresee and to detail them. Rather, we leave them to determination as they arise. Such determination will be facilitated by the exercise of a sound discretion in the trial courts in balancing the values of mutual pretrial knowledge of the relevant facts against the elements of 'annoyance, expense, embarrassment or oppression' (Code Civ. Proc., §§ 2030, subd. (b), 2019, subd. (b)(1))." Citing the *Grand Lake* case, the court in *Swartzman* v. *Superior Court, supra,* states at page 204: "In the case of expert opinion witnesses good cause normally must be shown to compel a deposition in advance of trial, and in the absence of good cause a motion to quash the deposition is

justified." (See also *Kramer* v. *Superior Court, supra,* p. 758, which points out the distinction between the expert and the non-expert witness.)

 Respondent court determined *"under all of the facts of the case,* including particularly the extensive examination of the roof in question by Dow's representatives" that petitioner had not shown good cause for the examination of plaintiff's expert. It is our conclusion that petitioner has failed to show wherein the court abused its discretion in making this ruling.

 Although mandamus is the proper remedy to require the issuance of a commission to take testimony out of the state and to enforce a proper discovery right (*Beverly Hills Nat. Bank & Trust Co.* v. *Superior Court, supra,* 195 Cal.App.2d 861, 868), the burden is upon petitioner to make a clear showing in this court that the trial court abused its discretion in refusing such order. (*Ryan* v. *Superior Court,* 186 Cal.App.2d 813, 816-817 [9 Cal.Rptr. 147]; *Weinkauf* v. *Superior Court,* 64 Cal.2d 662, 665 [51 Cal.Rptr. 100, 414 P.2d 36].)

 As above stated, the declaration filed on behalf of petitioner in support of its motion is not before us.[6] Petitioner states only that it sets forth "the above facts." Plaintiff, in its answer to the petition, alleges: "The motion was supported solely by the declaration of petitioner's attorney, Rudolf H. Schroeter, which stated in support of the motion only that 'it is necessary even indispensable' that Werner Gumpertz' deposition be taken before trial. No facts in support of this conclusionary statement were ever presented to the trial court by way of declaration in support of the motion on May 29, 1969."

Petitioner cannot rely upon the legal conclusion that "It is necessary, even indispensable" that the deposition be taken. A factual showing must be made and, in our opinion, petitioner's declaration, characterized herein by the conclusionary statement as containing only the above facts, is an insufficient affirmative showing of specific facts justifying the deposition in this case. We are not advised what further facts, if any, were before the trial court. Accordingly, based upon the petition and the record which is before

---

[6]Rule 56, California Rules of Court, provides that "A petition to a reviewing court for a writ of mandate, certiorari, or prohibition, or for any other writ within its original jurisdiction, must be verified and shall set forth the matters required by law to support the petition. . . ." The petition must, of course, set forth the grounds for the relief sought (3 Witkin, Cal. Procedure (1954) § 56, p. 2544), but that is not all. Thus it has been held that when a writ of mandate is sought to compel a superior court to make an order different from that which it has entered, the record upon which the court acted in coming to its conclusion should be presented with the petition (*Charles L. Donohoe Co.* v. *Superior Court,* 79 Cal.App. 41 [248 P. 1007]). (See also *Favorite* v. *Superior Court,* 52 Cal.App. 316, 318-319 [198 P. 1004]; *Rose* v. *Superior Court,* 44 Cal.App.2d 599, 601 [112 P.2d 713]; *In re Rapken,* 111 Cal.App. 107 [295 P. 344].)

us, we conclude that petitioner has not sustained its burden of showing wherein the trial court abused its discretion in denying the motion upon the ground of failure to show good cause for examination of plaintiff's expert.

■ Respondent court states, as a further ground for its denial of the motion, that "the information acquired by the expert at the instigation of plaintiff's counsel, and the opinions based thereon, constitute the work product of plaintiff's counsel." In the instant case, of course, the deposition has not been taken and no questions have been asked of the witness, but the request "to take the deposition testimony of witness Werner Gumpertz pertaining to his professional qualifications and experience, observations and tests made regarding Topanga Plaza Shopping Center roof and all opinions and conclusions formed or based thereon" does not contemplate information which would be objectionable under the work product rule.

In *Grand Lake, supra,* defendant hired an expert to examine and report on the "slipperiness" of the premises on which plaintiff was alleged to have been injured. Plaintiff took the expert's deposition and asked several questions about the nature of the surface he found, and the nature or results of his inspection and testing. The witness, on advice of counsel, refused to answer these questions on the ground, among others, that the information was a work product. The court states (p. 129): "We do not accept defendant's contention that the information here sought is the work product of its counsel within the meaning of the rule laid down in *Hickman* v. *Taylor,* 329 U.S. 495 [67 S.Ct. 385, 91 L.Ed. 451].) There the material sought was wholly from the files of the attorney, all the product of his effort, research, and thought. Such is not the case here. In our case it is the thought, research, and effort of Cheek [the expert] which is sought by plaintiff. Although defense counsel may have exercised ingenuity in determining that 'slipperiness' of the walk could be tested, this is not enough, as we read Hickman, to make the examination and tests of Cheek the work product of counsel."

More recently, in *Swartzman* v. *Superior Court, supra,* 231 Cal.App.2d 195, 202-203, the court analyzes the different statuses of an expert employed by a litigant's attorney to examine a subject of litigation and to assist in the preparation of his client's case. The court then states: "Consultation between expert and counsel may appropriately be given broad immunity from discovery, both as to expert and as to counsel, because none of the expert's opinion, professional though it may be, is relevant evidence in the case. To the contrary, his opinion is and will remain wholly irrelevant and immaterial as evidence until the expert is called as a witness on the trial and shown to be qualified to give competent opinion testimony on a matter in which he is versed and which is material to the case. . . .

"Nevertheless the initial status of the expert, as consultant and possible

witness, changes its character at that point in the suit when it has become known he will actually testify as a witness. When it becomes reasonably certain an expert will give his professional opinion as a witness on a material matter in dispute, then his opinion has become a factor in the cause. At that point the expert has ceased to be merely a consultant and has become a counter in the litigation, one to be evaluated along with others. Such evaluation properly includes appropriate pretrial discovery. [Citations.]"

*Scotsman Mfg. Co. v. Superior Court,* 242 Cal.App.2d 527 [51 Cal.Rptr. 511], was an action for injuries resulting from explosion of a butane lamp. Several defendants were sued, including Scotsman, which had installed the lamp, and Roberts, manufacturer of a valve. Scotsman's attorney employed an expert to examine the lamp and make a written report to him, which the expert did. Roberts obtained an order for inspection of the expert's report. The court, in granting a writ of prohibition to prohibit enforcement of the order, held that the report in question, which included information and opinions of the expert given to the attorney not only in his capacity as a prospective witness but also as an adviser in the preparation of the client's defense, constituted a work product subject to the discovery limitations prescribed by section 2016 of the Code of Civil Procedure. The court held, however, relying upon *Swartzman, supra,* that "the information and opinions of the expert relevant to his status as a witness may be discovered through interrogation and deposition procedures." (See also *Brown v. Superior Court,* 218 Cal.App.2d 430, at p. 442 [32 Cal.Rptr. 527]; *Mowry v. Superior Court,* 202 Cal.App.2d 229, 243 [20 Cal.Rptr. 698].)

In the instant case petitioner does not seek to obtain a report prepared by Mr. Gumpertz for plaintiff's counsel. Plaintiff admits that Mr. Gumpertz is a potential witness. ▇ The opinion of such witness and the reasons for such opinion where it is based upon open, known or discoverable facts are clearly discoverable by way of deposition. ▇ Respondent court erroneously denied the motion upon the ground that the information acquired by the witness was protected by the work product rule. However, since the witness is an expert, the order of denial must be upheld on the basis of absence of good cause, as above determined.

The demurrer of real party in interest is overruled. The alternative writ of mandate is discharged and the peremptory writ is denied.

Fleming, Acting P. J., and Wright, J., concurred.

A petition for a rehearing was denied December 11, 1969.