[Civ. No. 29399. First Dist., Div. Four. Mar. 11, 1971.]

JOHN S. BOLLES, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
BARTON DEVELOPMENT COMPANY, Real Party in Interest.

COUNSEL

Farella, Braun & Martel and John S. Martel for Petitioner.

No appearance for Respondent.

Miller, Groezinger, Pettit & Evers and Harold C. Nachtrieb for Real Party in Interest.

OPINION

**THE COURT.**—Petitioner John S. Bolles seeks mandate to compel the deposition of Wilmont Nicholson, an expert witness for real party in interest, Barton Development Company. ■ As Barton has stated its intention to call Nicholson as a witness, the work product privilege is inapplicable. (*Scotsman Mfg. Co.* v. *Superior Court* (1966) 242 Cal. App.2d 527, 530-532 [51 Cal.Rptr. 511].) ■ Although good cause is required to depose an expert witness (*Dow Chemical Co.* v. *Superior Court* (1969) 2 Cal.App.3d 1, 6 [82 Cal.Rptr. 288]; *Grand Lake Drive In* v. *Superior Court* (1960) 179 Cal.App.2d 122, 129-131 [3 Cal.Rptr. 621, 86 A.L.R.2d 129]), we conclude that petitioner satisfied the requirement, and is entitled to the discovery sought. It has been held that where good cause is required, the showing must be liberally construed; the moving party is entitled to discovery upon a showing that the information sought is necessary for the preparation of its case, and the request may be granted without abuse of the rights of the adversary. (*Associated Brewers Co.* v. *Superior Court* (1967) 65 Cal.2d 583, 586-587 [55 Cal.Rptr. 772, 422 P.2d 332]; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 378, 388 [15 Cal.Rptr. 90, 364 P.2d 266].) There is no requirement, as real party argues, that the moving party show that it does not have equal access to the facts upon which the expert's opinion is based.

■ Because of the urgency created by the impending trial, we are directing the issuance of a peremptory writ in the first instance without the issuance of alternative writ. A peremptory writ of mandate will issue directing respondent to order witness Wilmont Nicholson to answer questions propounded by petitioner relating to Nicholson's testimony and factual

basis therefor, prior to the time he is called as a witness. Petitioner will pay the witness reasonable fees as determined by the trial court. The petition is denied insofar as it requests that trial be postponed; the trial may begin as scheduled.