[Civ. No. 3747. Fifth Dist. Dec. 5, 1977.]

DAVID McGOWN, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Melvin W. Nitz, Public Defender, and Lenore Schreiber, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Eddie T. Keller, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**BROWN (G. A.), P. J.**—Petitioner seeks a writ of mandate directing the Fresno County Superior Court to vacate its order transferring a criminal action pending against him to the Superior Court of Stanislaus County and directing the Fresno County Superior Court to hold a hearing before entering a new transfer order.

Petitioner also seeks a writ of prohibition restraining the Superior Courts of Fresno and Stanislaus Counties from taking further proceedings against him in the criminal action.

## FACTS

Petitioner stands accused by information filed in the Fresno County Superior Court (hereinafter respondent court) of murder, rape, sodomy and oral copulation with three prior felony convictions.

On September 23, 1977, respondent court granted petitioner's motion for a change of venue upon the ground that pretrial publicity had created a reasonable likelihood he could not receive a fair trial in Fresno County. The cause was continued to September 30 for further hearing to determine the court to which the case would be transferred.

On September 30 respondent court commenced the proceedings by ordering that the case be transferred to Stanislaus County. Petitioner requested a continuance to investigate the nature and extent of the pretrial publicity in Stanislaus County and present evidence directed to that issue.

Respondent court in substance made the following statement:[1] It had been informed by an employee of the Judicial Council that Contra Costa, Sacramento and Stanislaus Counties were able to accept transfer of the cause. Thereafter, the judge happened to see the prosecutor, informed the prosecutor that the case would probably be transferred to Stanislaus County, inquired whether the prosecutor knew anything about pretrial publicity in Stanislaus County, and was told by the prosecutor that he would check into the adverse publicity in Stanislaus County. Shortly thereafter, the court informed defense counsel that the case would probably be transferred to Stanislaus County.[2]

Thereafter, the motion for a continuance was denied.

---

[1]The court's statement included other matters not here relevant which have been omitted.

[2]The court's statement is not clear regarding when the conversation with defense counsel occurred, but it appears therefrom that this conversation occurred either one or two days before the hearing on September 30. Counsel for petitioner had earlier stated without contradiction by the court that this conversation occurred on the day before the hearing and that she had then been informed by respondent court that Stanislaus, Contra Costa and Sacramento Counties had been suggested as possible new venues.

Petitioner's counsel inquired, "Is it the court's ruling, then, that it is basing its decision on the lack of prejudicial publicity in Stanislaus on the exparte [*sic*] communication from Mr. Jones [the prosecutor]?"[3] Respondent court replied that its decision was based upon an exercise of discretion and listed the factors which supported its decision to transfer venue to Stanislaus County, including the court's ". . . belief that this county is a forum where there would be no adverse feelings or prejudice because of any type of pre-trial statements or publicity against this defendant."

Petitioner renewed his motion for a continuance to determine whether there had been prejudicial publicity in Stanislaus County and to present evidence directed to this issue. The motion was again denied.

## DISCUSSION

The narrow issue before us is whether respondent court abused its discretion in denying petitioner's motion for a continuance to investigate the existence of prejudicial publicity in Stanislaus County and present evidence directed to that issue. The resolution of this narrow issue turns upon the answer to the broader question of whether petitioner is entitled to an evidentiary hearing to determine where this cause should be transferred.

Real party contends that an evidentiary hearing prior to transfer is clearly inconsistent with existing procedure governing venue changes. We disagree.

Rule 842 of the California Rules of Court, entitled "Selection of Court," provides: "When the court in which the action is pending determines that it should be transferred pursuant to Section 1033 or 1034 of the Penal Code, it shall advise the Administrative Director of the Courts of the pending transfer. Upon being advised the Director shall, in order to expedite judicial business and equalize the work of the judges, suggest a court or courts that would not be unduly burdened by the trial of the case. Thereafter, the court in which the case is pending shall transfer the case to a proper court as it determines to be in the interest of justice."

---

[3]Neither respondent court nor the prosecutor denied this accusation of ex parte communication between them.

Defense counsel had earlier stated without contradiction by the court or prosecutor that the court had informed her during the conversation discussed at footnote 2 that the prosecutor had answered the court's inquiry regarding publicity in Stanislaus County.

Rule 842 clearly addresses the subject matter of the procedure to be followed in selecting a transferee court where a change of venue is necessary. The rule is silent regarding the procedural issue before us—whether a hearing must be held to determine where the cause should be transferred. This void must be filled by implication.

We hold that rule 842 impliedly requires the court in which the action is pending to conduct an evidentiary hearing[4] before deciding where the cause should be transferred.

The required implication arises directly from the rule's mandate that the court make a determination of "the interest of justice" in deciding where the cause should be transferred. Our jurisprudence is grounded upon the basic premise that justice requires that the parties be afforded a meaningful opportunity to be heard and produce evidence.

If rule 842 is construed to authorize a determination of new venue ex parte, a grave doubt of its constitutionality upon due process attack would arise. (See *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536, 550-551 [96 Cal.Rptr. 709, 488 P.2d 13]; *Estate of Buchman* (1954) 123 Cal.App.2d 546, 560 [267 P.2d 73, 47 A.L.R.2d 291].) We must construe the rule, if possible, to avoid such doubt as to its constitutionality. (See *Palermo* v. *Stockton Theaters, Inc.* (1948) 32 Cal.2d 53, 60 [195 P.2d 1].)

The issue of where the case will be tried is important to the parties as well as the courts. The parties may all agree that one of the possible new venues suggested by the Administrative Office of the Courts is the best choice. A hearing is required, at minimum, for the court to be properly informed of the position of the parties before making its transfer decision. Alternatively, the parties may disagree as to where the cause should be transferred, and such a contest may raise factual issues which must be resolved by the court.[5]

In this case, the factual issue which arose was the nature and extent of pretrial publicity in Stanislaus County. The issue should have been resolved by evidence received in open court rather than by informal ex parte communications between respondent court and the parties.

---

[4]The parties may, of course, waive their right to present evidence.

[5]For example, factual issues may arise regarding the relative hardship involved in trying the case in various locations.

Real party points out that petitioner may move the Stanislaus County Superior Court for a second change of venue and would be entitled to an evidentiary hearing upon such a motion, contends that the Stanislaus County Superior Court is in a better position to evaluate the facts regarding pretrial publicity in that county, and concludes that petitioner is not in any way prejudiced by the denial of an evidentiary hearing before the Fresno County Superior Court. This analysis is unsound because it fails to recognize that the existence of prejudicial publicity in Stanislaus County is relevant to the issue which must be decided by respondent court—where the cause should be transferred, and, specifically, whether it should be transferred to Stanislaus County.

Furthermore, the issue before respondent court is materially different than the issues which would arise upon a motion for change of venue in the Stanislaus County Superior Court. The presence or absence of prejudicial publicity in Stanislaus County is one of many facts and circumstances which should be considered by respondent court in the exercise of its discretion to decide where the cause should be transferred.[6] Thus, pretrial publicity which is not sufficient to require a change of venue *from* Stanislaus County[7] may be sufficient to persuade respondent court that the cause should not be transferred to Stanislaus County.[8]

Respondent court abused its discretion in denying petitioner's motion for a continuance to present evidence directed to the issue of pretrial publicity in Stanislaus County;[9] this ruling denied petitioner a meaning-

---

[6]We reject real party's contention that the enactment of Penal Code section 1033 without the express requirement contained in former Penal Code section 1035 that the case be transferred to a county "free from a like objection" evinces a legislative intent that the transferring court need not consider the possibility of prejudicial publicity in the new venue. When section 1033 was enacted, the Legislature expressly authorized the Judicial Council to adopt rules of practice and procedure for the change of venue in criminal actions. (Pen. Code, § 1038.) Rule 842 is such a rule; its mandate that new venue be determined "in the interest of justice" is sufficiently broad to authorize the transferring court to consider whether or not prejudicial publicity exists in the new venue. (See Judicial Council of Cal., Annual Rep. (1971) Procedure for Transfer of Criminal Cases, pt. I, ch. 1, p. 14.)

[7]Petitioner would have to show that the pretrial publicity created a reasonable likelihood that he could not there obtain a fair trial to obtain a change of venue from Stanislaus County. (Pen. Code, § 1033; *Maine v. Superior Court* (1968) 68 Cal.2d 375, 383 [66 Cal.Rptr. 724, 438 P.2d 372].)

[8]For this reason, petitioner's right to move for a change of venue in the Stanislaus County Superior Court is not an adequate remedy at law.

[9]Petitioner was informed of the three available new venues only a day or two before the September 30 hearing. He had insufficient time prior to the hearing to investigate the pretrial publicity in Stanislaus County and prepare to present evidence directed to that issue.

ful hearing on the transfer issue pending before that court. A prerogative writ may properly issue to correct an abuse of judicial discretion. (See *Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579 [114 Cal.Rptr. 106, 522 P.2d 666].) Petitioner is entitled to appropriate relief.

Peremptory writs of mandate are proper (Code Civ. Proc., § 1088; see *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]; *Bolles* v. *Superior Court* (1971) 15 Cal.App.3d 962, 963-964 [93 Cal.Rptr. 719]) and should issue.

Let a peremptory writ of mandate issue directing the Stanislaus County Superior Court to forthwith transfer action numbered 14721 to the Superior Court of Fresno County.

Let a peremptory writ of mandate issue directing the Superior Court of Fresno County to hold a new hearing to determine the court to which this cause should be transferred promptly after it receives the cause from Stanislaus County.

The petition for writ of prohibition is denied.

Effective upon the filing of this opinion, any and all proceedings in Stanislaus County Superior Court action numbered 14721, excepting only proceedings to transfer the cause to Fresno County as herein ordered, are stayed until this decision becomes final in all courts or the Supreme Court grants a hearing herein, whichever may first occur.

Franson, J., and Hopper, J., concurred.