[Crim. No. 2944. Fifth Dist. Oct. 13, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
FLORINTINO ANGULO et al., Defendants and Appellants.

516

**COUNSEL**

Paul Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Gary S. Goodpaster, Chief Assistant State Public Defender, Richard E. Shapiro, Laurance S. Smith and Tom Lundy, Deputy State Public Defenders, and Joe Reich, under appointment by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Marjory Winston Parker and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GINSBURG, J.**[*]—Appellants, Florintino Angulo and Roberto Perez Rodriquez, were convicted after trial by jury of a violation of Health and Safety Code section 11352, sale of heroin.

[*]Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

## THE ISSUE

The sole issue to be determined in this case is whether the constitutional right to be represented by effective counsel includes the right of codefendants for whom joint counsel has been appointed to have separate counsel absent a request therefor. We have concluded, based upon precedent, that if a possible conflict of interest develops, the right to be represented by separate counsel subsists unless the record affirmatively shows that the defendants were informed of this right and knowingly waived it.

## FACTS AND BACKGROUND OF THE CASE

On July 26, 1976, a special investigator for the Madera County Sheriff's office working undercover arranged through an informer to purchase two ounces of heroin from appellant Angulo for the sum of $1,500. A meeting was held near an orchard for the purpose of consummating the sale. Angulo arrived at the meeting with the informer, followed by appellant Rodriquez in another vehicle. Rodriquez obtained a bag of what was later identified as heroin from his car and handed it to Angulo. After concluding the social and commercial amenities customary in such cases, Angulo handed the bag to the sheriff's investigator and received the money.

At the trial, Angulo admitted making the sale. He further testified that Rodriquez merely acted as a tool in handing over the heroin, that Rodriquez did not know what was in the bag, and that he, Angulo, had placed the bag in Rodriquez' car prior to meeting the sheriff's investigator in the orchard. Thus appellant Angulo, while specifically admitting the offense, attempted to exonerate appellant Rodriquez from any part in the transaction.

Both appellants were represented at the trial by the same court-appointed counsel. Defense counsel announced in his opening argument, "The District Attorney is probably correct in that he can show that Mr. Florintino Angulo made a sale of heroin . . . . However, it is doubtful that the prosecution can show that Mr. Rodriquez was actually involved in the sale." On direct examination, he elicited a confession from Angulo. In his closing argument, he stated that Mr. Angulo had admitted the offense, and that the situation was different in the case of Mr. Rodriquez.

Neither defendant ever made a request for a separate attorney until after the trial, nor did counsel for the defendants indicate to the court at any time on the record that there was a possible conflict of interest between his clients.

After the trial, an oral motion for a new trial based on defense counsel's alleged conflict of interest in representing both defendants was made and denied. Both defendants were then committed to state prison for the term prescribed by law.

## DISCUSSION

Each of the appellants—now represented by separate counsel—contends that he was prejudiced by having the same defense counsel as the other. ■ Appellant Angulo contends that his counsel not only made no effort to have the jury find him innocent but in fact acted as an adjunct of the prosecution by placing him on the stand and by arguing his guilt. ■ Appellant Rodriquez complains that the dual representation placed him in a position where he could be considered by the jury to be guilty by association with Angulo.

■ The constitutional right of multiple defendants to effective counsel, including separate counsel where necessary, was considered by our Supreme Court in the case of *People* v. *Chacon* (1968) 69 Cal.2d 765 [73 Cal.Rptr. 10, 447 P.2d 106, 34 A.L.R.3d 454]. There the court said (at p. 773): "The right to counsel at trial guaranteed by the Sixth Amendment of the United States Constitution [citation] and article I, section 13 of the California Constitution does not include an automatic right to separate counsel for each codefendant. One counsel may represent more than one defendant so long as the representation is effective. [Citation.] Effective assistance of counsel is assistance 'untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests.' [Citations.] If counsel must represent conflicting interests or is ineffective because of the burdens of representing more than one defendant, the injured defendant has been denied his constitutional right to effective counsel. [Citations.]"

In *Chacon,* the Supreme Court also makes it clear that absent advice of the right to separate counsel, a waiver cannot be presumed from silence.

"If defendants were denied the right to effective representation of counsel, we cannot presume that the right was waived by a failure to

request separate counsel. The court did not advise them of their right to separate counsel if a conflict was present, and we cannot imply from their silence a waiver of that right. [Citations.]" (*People v. Chacon, supra,* 69 Cal.2d at p. 774.)

■ It is further the rule that if the codefendants have not been informed of their right to separate counsel in the event of a potential conflict of interest between them, and if the record later indicates that there was an actual conflict of interest, the matter of separate counsel may be reviewed on appeal. "And, significantly, the appellate court may use hindsight to ascertain whether or not there was an actual conflict of interest and, if so, whether appellant was injured (*People v. George,* 259 Cal.App.2d 424, 432 [66 Cal.Rptr. 442])." (*People v. Mitchell* (1969) 1 Cal.App.3d 35, 38 [81 Cal.Rptr. 478]; fn. omitted.)

Applying these principles to the case at bench, we first observe that although no demand was made for separate counsel until after the trial, there was no waiver of the right to separate counsel since there is nothing in the record to show that the defendants were informed of this right. They could not, therefore, have knowingly waived it.

■ Using hindsight to determine whether appellant Angulo was deprived of effective representation, it is evident that the strategy of his joint counsel was in effect to advocate a finding of Angulo's guilt in hopes of exculpating appellant Rodriquez. We may further speculate that the joint representation may have precluded the attorney from exploring possible plea negotiations more thoroughly, as well as from exploring in more detail the question of Angulo's actual part in the transaction involved in the charge. (See *Holloway v. Arkansas* (1978) 435 U.S. 475, 489-490 [55 L.Ed.2d 426, 438, 98 S.Ct. 1173, 1181-1182].)

■ In examining the effect of the dual representation on appellant Rodriquez, we cannot but conclude, as he contends, that representation by the same attorney as his admittedly guilty codefendant may well have made it appear to the jury that he was guilty by association and that the confession by Angulo was part of a conspiracy between them.

■ It is the rule that a codefendant for whom the court has appointed joint counsel need not establish an actual conflict of interest to show he was denied the effective assistance of counsel; it is sufficient if the record provides an adequate basis for an "informed speculation" that there was a potential conflict of interest which prejudicially affected the

defendant's right to effective counsel. (See *People* v. *Cook* (1975) 13 Cal.3d 663, 670 [119 Cal.Rptr. 500, 532 P.2d 148].) Our "informed speculation" is that both defendants were so prejudiced in this case.

Since our decision on this point requires a reversal of the judgments, it is unnecessary to determine other issues raised in the appeals.

The judgments are reversed.

Franson, Acting P. J., and Meyers, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.