Opinion
 

 THE COURT.
 
 *
 

 Petitioner seeks a writ of mandate directing respondent court to grant its motion to appoint separate counsel for real parties because their present counsel has a conflict of interest.
 

 Facts
 

 Real parties stand accused by information of murder; a special circumstance is alleged as to real party Mroczko only which subjects him to possible punishment by death.
 

 
 *628
 
 Richard A. Carsel, a law corporation, is court-appointed counsel of record for both real parties. Apparently, the Carsel law firm performs the duties of the public defender in San Luis Obispo County pursuant to a contract which is not before us.
 
 [1]
 

 On March 29, 1979, petitioner filed a motion to appoint separate counsel for real parties due to alleged conflict of interest of the public defender.
 

 On April 9, 1979, a hearing was held upon petitioner’s motion. The following procedure was generally followed at this hearing: petitioner stated the alleged conflicts of interest upon which its motion was grounded, respondent court restated and explained the alleged conflicts, and, thereafter, real parties waived the alleged conflict by expressly accepting the risk of resulting prejudice therefrom.
 

 However, this procedure was not followed when petitioner asserted that a conflict of interest arose because petitioner had offered real parties “inconsistent” plea bargain offers. Petitioner defined an inconsistent plea offer to be an offer to one real parly to plead
 
 guilty to an offense with a greater penalty than the offense offered
 
 to the other real party and also “. . . an offer to have one defendant plead to a lesser charge in exchange for his testimony against the other defendant.” Petitioner then stated that “both of these approaches” were formally made to the public defender in this case.
 

 Respondent court
 
 [2]
 
 proposed to appoint a separate and different attorney to advise real parties regarding plea offers. Petitioner suggested that this procedure might involve a breach of confidential attomey/client communications and stated that Mr. Umhofer, defense counsel, had so urged in another case. Mr. Umhofer stated that he believed the appointment of separate counsel would be improper.
 

 Respondent court asked real parties whether they desired to consult with a separate, independent attorney to discuss the conflict of interest which may result from plea offers and determine whether it is in their best interest to continue with present counsel. Real party Bundle declined the offer after stating he was not interested in any plea bargain. Real party Mroczko declined the offer.
 

 
 *629
 
 Respondent court denied petitioner’s motion to appoint separate counsel for real parties.
 

 Discussion
 

 It appears from petitioner’s statements to the court that one or both real parties have been offered an opportunity to plead guilty to a lesser charge in return for testifying against the other real party.
 

 We hold that a conflict of interest arose from this offer which prevents the public defender from effectively representing the client to whom the offer was made (hereafter “offeree”) regarding the offer. (See
 
 Holloway
 
 v.
 
 Arkansas
 
 (1978) 435 U.S. 475 [55 L.Ed.2d 426, 98 S.Ct. 1173, 1181];
 
 People
 
 v.
 
 Pope
 
 (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859];
 
 People
 
 v.
 
 Angulo
 
 (1978) 85 Cal.App.3d 514, 519 [148 Cal.Rptr. 517].) The public defender cannot ethically advise the offeree to accept the offer or otherwise advise him in any manner which might encourage a decision to accept the offer—to do so would be directly adverse to the interests of his other client. Conversely, counsel necessarily acts against the interests of the offeree if he advises rejection of an offer which should be accepted.
 

 However, this conflict of interest does not necessarily require the appointment of separate counsel. Real parties may knowingly and intelligently waive their right to counsel.
 
 (Faretta
 
 v.
 
 California
 
 (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].) Therefore, we conclude they may knowingly and intelligently waive the conflict of interest which precludes the public defender from acting effectively in the limited area of plea offers.
 

 Real parties have not made such a waiver. A knowing and intelligent waiver requires that the offeree be clearly informed that the public defender has a present conflict of interest which precludes effective representation regarding the plea offer. Such a waiver requires that the plea bargain offered by petitioner be stated for the record so that the resulting conflict of interest may be adequately described and discussed.
 
 [3]
 

 
 *630
 
 Respondent court’s offer to appoint separate counsel to advise real parties regarding a possible conflict of interest cannot cure the failure to obtain an adequate waiver of the existing conflict of interest. Respondent court abused its discretion in failing to appoint separate counsel absent such a waiver. Petitioner is, therefore, entitled to appropriate relief. (See
 
 Hurtado
 
 v.
 
 Superior Court
 
 (1974) 11 Cal.3d 574, 579 [114 Cal.Rptr. 106, 522 P.2d 666].)
 

 A peremptory writ of mandate is proper and should issue. (Code Civ. Proc., § 1088, see
 
 Goodenough
 
 v.
 
 Superior Court
 
 (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165];
 
 Bolles
 
 v.
 
 Superior Court
 
 (1971) 15 Cal.App.3d 962, 963-964 [93 Cal.Rptr. 719].)
 

 Let a peremptory writ of mandate issue directing the Superior Court of San Luis Obispo County to vacate its order denying plaintiff’s motion to appoint separate counsel for the defendants in action No. 10853, to conduct a further hearing upon said motion before a judge of that court who will not preside at the trial of said action to determine in accordance with the views stated in this opinion whether the defendants are willing to waive the public defender’s conflict of interest and, thereafter, to enter a new order granting said motion if any defendant offered a plea bargain requiring his testimony against the other defendant fails to waive the public defender’s conflict of interest or a new order denying said motion if knowing and intelligent waivers are obtained from all defendants to whom such an offer has been made.
 

 Insofar as it seeks relief not granted above, the petition for writ of mandate is denied.
 

 The stay order issued by this court on April 9, 1979, shall remain in effect until all acts herein directed have been performed, this decision is final in all courts or the Supreme Court grants a hearing herein, whichever may first occur.
 

 *
 

 Before Brown (G. A.), P. J., Franson, J., and Hopper, J.
 

 [1]
 

 We shall hereafter refer to the Carsel firm as the public defender.
 

 [2]
 

 The judge hearing the motion apparently had been assigned to preside at the trial; he properly declined to hear details of the plea offers because he might be required to determine whether a death sentence should be imposed.
 

 [3]
 

 Nothing before us indicates that the public defender has a financial interest in continuing to represent both real parties. However, it is possible yhat such a financial interest results from the terms of the public defender’s contract. If such a financial interest exists, the offeree must be informed thereof so he may make an intelligent decision whether or not to waive the existing conflict of interest.