[Civ. No. 6775. Fifth Dist. Oct. 30, 1981.]

TERRY NEIL YOUNG, Petitioner, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Cunningham & Stewart and Lee V. Cunningham for Petitioner.

No appearance for Respondent.

Christopher G. Money, District Attorney, and Mark Welden, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**THE COURT\***—.Petitioner seeks a writ of mandate directing respondent court to grant his motion for change of venue in a criminal action pending against him.

Petitioner stands accused by information of soliciting the crime of robbery in violation of Penal Code section 653f and possession of a

---

\*Before Zenovich, Acting P. J., Hanson (P. D.), J., and Baca, J.†

†Assigned by the Chairperson of the Judicial Council.

sawed-off shotgun in violation of Penal Code section 12020, subdivision (a).

The pretrial publicity in this case was moderate in amount and factual in nature. However, the publicity discloses that the charges against petitioner are grounded upon unusual factual allegations. While employed as a police officer for the City of San Luis Obispo, petitioner allegedly solicited two other city police officers to commit armed robbery by flying to small towns throughout California, holding up motels, taking but not returning hostages, and killing any police officers who may get in the way. The publicity also indicates that petitioner's primary defense to the solicitation charges probably will be that he was not serious about commission of the above described robberies.

### DISCUSSION

A motion for change of venue should be granted whenever it is determined that potentially prejudicial publicity creates a reasonable likelihood that a fair trial cannot be had in the absence of such relief. A showing of actual prejudice is not required. A reviewing court must make an independent evaluation of the record and satisfy itself de novo that the defendant can obtain a fair and impartial trial in the county of present venue. When the issue is raised before trial, all doubts should be resolved in favor of granting a change of venue. (*Martinez* v. *Superior Court* (1981) 29 Cal.3d 574, 577-578 [174 Cal.Rptr. 701, 629 P.2d 502]; *Fain* v. *Superior Court* (1970) 2 Cal.3d 46, 51, 54 [84 Cal.Rptr. 135, 465 P.2d 23].)

We have concluded that a reasonable likelihood that petitioner cannot obtain a fair trial in San Luis Obispo County exists.

We reject real party's contention that the nature and gravity of the offense is not such as to warrant a change of venue. In our opinion, this factor is relevant to a determination of whether the pretrial publicity involved a subject matter of sufficient interest to the general public that it is likely the publicity attracted the attention of the public. (Cf. *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 609 [119 Cal.Rptr. 302, 531 P.2d 1086].) This case involves allegations of a police officer soliciting other police officers to commit numerous armed robberies. We infer that this case attracted the public's attention in San Luis Obispo County. Police involvement and the bizarre nature of the proposed fly-in robberies make this case unusual and interesting.

There is a danger that San Luis Obispo County jurors may feel subtle psychological pressure to purge corruption from a local police department to which they must look for protection against crime.[1] This problem is exacerbated by the pretrial publicity because when the general community is aware of a criminal case jurors are aware that they may be called upon to explain a not guilty vote to friends, relatives and peers who also have an interest in the quality of local police protection. If it is a close issue whether petitioner was serious about a crime spree, this factor may well be the difference between conviction and acquittal of the solicitation charges.

Real party correctly points out that several factors which have been recognized in the case law as relevant to the issue before us are not present in this case. However, in this area of the law every case turns on its own facts. (See *Fain* v. *Superior Court, supra*, 2 Cal.3d 46, 51.)

A peremptory writ of mandate is proper and should issue. (Code Civ. Proc., § 1088; see *Martinez* v. *Superior Court, supra*, 29 Cal.3d 574, 577; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]; *Bolles* v. *Superior Court* (1971) 15 Cal.App.3d 962 [93 Cal.Rptr. 719].)

Let a peremptory writ of mandate issue directing the San Luis Obispo County Superior Court to vacate its order in action No. 11798 denying defendant Young's motion for a change of venue and to enter a new order granting said motion in accordance with California Rules of Court, rules 842-844.

The stay order issued by this court on October 16, 1981, shall remain in effect until all acts herein directed have been performed, this decision is final in all courts, or the Supreme Court grants a hearing herein, whichever shall first occur.

---

[1] We are aware that only those jurors who live in the City of San Luis Obispo are directly protected by that city's police department. However, the text statement also applies less directly to people who regularly visit that city.