[Sac. No. 247. Department Two.—November 18, 1897.]

FRED BANTA, Appellant, v. ARNOLD WINK et al., Respondents.

ACTION FOR PARTNERSHIP ACCOUNTING—VENUE—CHANGE OF PLACE OF TRIAL —NONRESIDENT DEFENDANTS.—An action, the purpose of which is to have it adjudged that the plaintiff is the owner of an undivided interest in all the property, business, proceeds, and profits of an alleged copartnership, and for an accounting thereof, must be tried in the county in which the defendants, or some of them, reside at its commencement; and it is only where none of the defendants are residents of the state that the action may be tried in any county which the plaintiff may designate in the complaint; but when a portion of the defendants are nonresidents, and the remainder are residents of the state, only those who are residents of the state need join in a demand to change the place of trial; and the fact that nonresidents, who cannot move for a change of venue, unite in demanding such change, cannot deprive the other defendants of the right to make the demand, and to have the case tried in the county in which the defendants, or some of them, resided when the action was commenced.

APPEAL from an order of the Superior Court of Fresno County granting a change of the place of trial of an action. E. W. Risley, Judge.

The facts are stated in the opinion.

L. L. Cory, for Appellant.

F. H. Short, H. H. Welsh, and Bruner & Bruner, for Respondents.

BELCHER, J.—This action was commenced in the superior court of the county of Fresno, on December 16, 1895. The purpose of the action was to have it adjudged that the plaintiff was the owner and entitled to the possession of an undivided one-third interest in all the property, business, proceeds, and profits

of an alleged copartnership, and for an accounting. Five parties were named in the complaint as defendants, of whom two, Arnold Wink and Isaac Banta, resided in the state of Oregon; two, George C. Holbrook and W. C. Weymouth, resided in the city and county of San Francisco; and one, James Tiscornia, resided in the county of Calaveras. Wink and Banta were temporarily in the county of Fresno when the action was commenced, and were at once served with the summons. Thereafter, on the 26th of the same month, they appeared by their attorneys and demurred to the complaint. The other defendants were served later, and on January 24, 1896, appeared by their attorneys and demurred to the complaint, and at the same time served upon the attorney of plaintiff and filed affidavits of merits and stating the places of residence of said defendants, and a demand in writing that the trial be had in the city and county of San Francisco, and also a notice that on a day named they would apply to the court for an order changing the place of trial as demanded. Accompanying these papers was a notice, signed by Wink and Banta, stating that they united with their codefendants in demanding that the place of trial be changed as requested by them. The motion was heard by the court and granted, and from that order the plaintiff appeals.

The contention of appellant is, that all of the defendants in an action must join in a motion for a change of the place of trial, and that as the defendants, Wink and Banta, had been served in the county of Fresno, and in due time had appeared and demurred to the complaint without making any motion for a change of the place of trial, they could not thereafter join with the other defendants in any motion asking for such change; and that under the statute neither they nor the other defendants were entitled to the order made, but plaintiff was thereafter entitled, as a matter of right, to have the action tried in the county in which it was commenced.

An action like this "must be tried in the county in which the defendants, or some of them, reside at the commencement of the action; or, if none of the defendants reside in the state, . . . . the same may be tried in any county which the plaintiff may designate in his complaint." (Code Civ. Proc., sec. 395.)

"If the county in which the action is commenced is not the

proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." (Code Civ. Proc., sec. 395.)

As defendants Wink and Banta did not reside in this state, they could not move for a change of venue, but that fact did not deprive the other defendants of the right to have the case tried in the county in which they, or some of them, resided at the commencement of the action. It is only when none of the defendants reside in the state that the action may be tried in any county which the plaintiff may designate in his complaint. It was not necessary for Wink and Banta to join in the demand' for a change, but was only necessary that all those who had a right to make the demand should join in doing so. This they did, and the court properly granted the motion.

The order should be affirmed.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.                Temple, J., Henshaw, J., McFarland, J.