[Civ. No. 3160. Third Appellate District.—July 28, 1926.]

CHARLES L. DONOHOE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF GLENN COUNTY et al., Respondents.

[1] MANDAMUS—REVIEW OF PROCEEDINGS OF SUPERIOR COURT—JURISDICTION.—When the superior court has entertained jurisdiction of an action, its proceedings, however erroneous, may not be reviewed on an application for *mandamus*.

[2] ID.—REFUSAL OF SUPERIOR COURT TO ACT—REVIEW.—Where, instead of refusing to act, the superior court has acted judicially, its action may not be controlled by the writ of *mandamus*, for to allow the writ so to be used would be equivalent to making it a writ of error; but when the court has refused to act in the case, the question whether the refusal was rightful may be entertained.

[3] ID.—CONFLICTING EVIDENCE — FINDINGS — INFERENCES.—*Mandamus* does not lie to correct mere error where an appeal is open to the moving party, and it may not be used to review reasonable deductions of a court upon conflicting evidence or on conceded facts; but, the facts otherwise justifying it, the writ is proper where there is an entire absence of showing constituting good cause for the action of the lower court, in which case the appellate court may pass upon the sufficiency of the findings as a

---

1. See 16 Cal. Jur. 822; 18 R. C. L. 297.
2. See 16 Cal. Jur. 822.
3. See 16 Cal. Jur. 823; 18 R. C. L. 297, 299.

question of law in determining the right of the trial court to take the action complained of.

[4] Id.—Pleading—Answer—Submission Without Evidence.—Where a petition for a writ of mandate and the answer of the court are submitted without evidence, the answer must be taken as true.

[5] Id.—Actions—Dismissal—Section 583, Code of Civil Procedure—Evidence.—A proceeding to compel the superior court to dismiss an action pending therein on the ground that more than five years had elapsed since the filing of defendant's answer, that no written stipulation extending the time of trial had been made, and that said cause had not been brought to trial within the time specified in section 583 of the Code of Civil Procedure, should be presented upon a petition for a writ of mandate to compel the superior court to make an order different from that entered after the introduction of evidence.

---

(1) 38 **C. J.**, p. 606, n. 54. (2) 38 **C. J.**, p. 607, n. 56, 58. (3) 38 **C. J.**, p. 571, n. 73, 75. (4) 38 **C. J.**, p. 920, n. 29 New. (5) 38 **C. J.**, p. 869, n. 44 New.

PETITION for rehearing of an order dismissing an application for a Writ of Mandate to require the Superior Court of Glenn County and Claude F. Purkitt, Judge thereof, to dismiss a certain action. Rehearing denied.

The facts are stated in the opinion of the court.

W. T. Belieu and Fred Olds for Petitioner.

George R. Freeman for Respondents.

THE COURT.—This matter is again before us on petition for rehearing from an order of this court heretofore made dismissing the proceedings without prejudice and with leave to file another petition if so advised.

The petitioner in this case seeks a writ of mandate requiring the Judge of the Superior Court of the County of Glenn to dismiss a certain action therein pending, wherein Frank Freeman is plaintiff and Charles L. Donohoe Company et al. are defendants, action No. 2400. It appears in the petition for a writ of mandate that application was made to said Superior Court to dismiss said action on the ground that more than five years had elapsed

---

4. See 16 Cal. Jur. 869.

since the filing of the defendants' answer in said action and that no written stipulation extending the time of trial had been made and that said cause was not brought to trial within the time specified in section 583 of the Code of Civil Procedure. Upon the return made to this court it was made to appear by the answer filed in this proceeding that the trial court heard certain evidence upon the application made to it for the dismissal of said proceedings; that the evidence in said proceedings tended to show that one Joseph E. Bien was an attorney for the defendants in the action herein referred to, being the action for which an order of dismissal was sought, and that said attorney had entered into stipulations with the plaintiff continuing said cause for trial, and that the court, after hearing said evidence, denied petitioner's motion on the following grounds, to wit:

"A. That said Joseph E. Bien was in fact the attorney at law, in said foreclosure action, of said defendant.

"B. That a stipulation in writing was made between said defendant and the plaintiff in said foreclosure action, that the time within which such action should be brought to trial should be extended for a period longer than five years from the filing of the answer of said defendant, and that plaintiff took all proper steps to bring said action to trial within a reasonable period after the making of said stipulation.

"C. That if said Joseph E. Bien was not in fact the attorney at law in said action for said defendant, that said defendant is estopped from denying that Joseph E. Bien was such attorney at law, and is also estopped from denying that the stipulation aforesaid had been made."

The evidence upon which the trial court acted in reaching the conclusions just referred to was not set out either in petitioner's petition or in the respondents' answer and the correctness of the trial court's conclusions could not, therefore, be determined. For the purpose of allowing petitioner to file another petition setting forth fully all and singular the testimony and the facts presented to the trial court this court made its order dismissing the petition without prejudice and with leave to file another petition if so advised. The petitioner now asks that we set aside said order and grant another hearing upon the origi-

nal petition and take testimony or submit the matter to some court for the taking of testimony as to disputed questions of fact. We understand the law in applications for writs of *mandamus,* after a hearing has been had in the trial court, to be as set forth in 16 California Jurisprudence, 822, 823, to wit:

[1] "The general rule has been laid down that when the court below has entertained jurisdiction of an action, its proceedings, however erroneous, may not be reviewed on an application for *mandamus.* [2] Thus it is said that where, instead of refusing to act, the court has acted judicially, its action may not be controlled by the writ, for to allow the writ so to be used would be equivalent to making it a writ of error. But when the court has refused to act in the case, the question whether the refusal was rightful may be entertained.

[3] "While in one sense it is correct to say that the writ may not be made to perform the functions of a writ of error, in another sense it is not. Undoubtedly, *mandamus* does not lie to correct mere error where an appeal is open to the moving party, and it may not be used to review reasonable deductions of a court upon conflicting evidence or on conceded facts. However, the facts otherwise justifying it, the writ is proper where there is an entire absence of showing constituting good cause for the action of the lower court. In such a case, the appellate court may pass upon the sufficiency of the findings as a question of law in determining the right of the trial court to take the action complained of. It may not be claimed that it is a matter within the discretion of the trial court arbitrarily to take one course of action where the statute imposes the duty to take another course upon the facts shown."

Were the record before us as made in the trial court and the evidence there taken presented to us upon the petition, this court would then be in a position to determine whether there was in fact any legal evidence justifying the conclusions of the trial court and also whether the conclusions of the trial court as a matter of law were or were not correct.

[4] The rule seems to be settled that where a petition for a writ of mandate and the answer of the court are

submitted without evidence the answer must be taken as true. (*Sherer* v. *Superior Court,* 96 Cal. 653 [31 Pac. 565].) [5] The answer in the case at bar sets up the findings of the court as we have herein stated, and if a stipulation were in fact entered into continuing the trial of the action sought to be dismissed so as to avoid the provisions of section 583 of the Code of Civil Procedure, that would be a complete answer, and we think the record upon which the court acted in coming to such conclusion should be presented upon a petition for a writ of mandate wherein it is sought to compel the Superior Court to make an order different from that entered after the introduction of evidence in the trial court. While we cannot in *mandamus* act as a court of appeal and review as a court of appeal the proceedings of the trial court, we can act within the limits of the law as set forth in the foregoing quotation from California Jurisprudence.

Petition for rehearing denied.