[Civ. No. 3210.   Third Appellate District.—April 22, 1927.]

## HANOVIA CHEMICAL & MANUFACTURING COMPANY (a Corporation), Respondent, v. CHARLES KELLER, Appellant.

[1] Place of Trial—Demand and Affidavit—Insufficient Motion for Change of Place of Trial. — A demand and affidavit of merits do not constitute a motion for change of place of trial nor invoke the action of the court in passing thereon.

[2] Id. — Motion for Change of Place of Trial — Contents of — Time of Service.—A motion for change of place of trial under section 397 of the Code of Civil Procedure must be made in accordance with the requirements of sections 1003 and 1010 of the Code of Civil Procedure, specifying the contents and time of service thereof.

[3] Id. — Delay in Making Motion — Section 396, Code of Civil Procedure. — The motion for change of place of trial must be made without delay, although section 396 of the Code of Civil Procedure requires only the demand and affidavit be served and filed with the demurrer or answer.

[4] Id. — Pleading—Failure to Invoke Action of Court—Absence of Notice—Purported Order Denying Motion—Appeal.—Where defendant after filing a demurrer and an affidavit for change of venue failed to give notice of motion or to make any motion invoking the action of the court in relation to the removal of the cause, a subsequent order of the court, at the time of overruling the demurrer, purporting to deny a motion that had never been made did not injure defendant so as to authorize an appeal therefrom.

(1) 40 Cyc., p. 153, n. 21.   (2) 40 Cyc., p. 147, n. 58.   (3) 40 Cyc., p. 148, n. 64.   (4) 3 C. J., p. 631, n. 4.

APPEAL from an order of the Superior Court of Stanislaus County denying a motion for change of venue.  J. C. Needham, Judge.  Affirmed.

The facts are stated in the opinion of the court.

E. J. Talbott for Appellant.

1.   See 25 Cal. Jur. 890.

2.   See 25 Cal. Jur. 890, 894.

3.   See 25 Cal. Jur. 896, 907.

W. Coburn Cook for Respondent.

PLUMMER, J.—On February 20, 1926, the plaintiff began this action to recover from the defendant the sum of $322.88, balance alleged to be due on certain promissory notes. On the thirtieth day of March, 1926, the defendant filed a demurrer, a demand for a change of place of trial, and an affidavit of merits. The demand, omitting the title, is in the following words: "I, the undersigned, defendant, in the above entitled Action, hereby demand that the place of trial of this cause be changed to the proper county, to-wit: the County of San Mateo, State of California." (Signed by defendant.)

The affidavit of merits, omitting the title, reads as follows:

"Charles Keller, being first duly sworn, deposes and says: That he is the defendant in the above entitled action:

"1. That said action was commenced on or about the 20th day of February, 1926.

"That I have fully and fairly stated the case in this cause to E. J. Talbott, attorney at law, whose office is at number 704 Market street, San Francisco, my counsel, and after such statement I am by him advised and verily believe that I have a good and substantial defense on the merits to the action.

"That I now reside and did reside at the commencement of this action in the County of San Mateo, State of California."

No notice of motion for the removal of said cause was ever given or filed by the defendant, nor was any motion ever made by the defendant invoking the action of the court in relation to the removal of said cause. The case remained *in statu quo* until the seventeenth day of May, 1926, when the demurrer interposed by the defendant was overruled by the trial court and an order made purporting to deny the motion for a change of venue, the record showing that neither the defendant nor his counsel were in court. Under the rules of the court, the demurrer was placed upon the calendar for hearing on Monday, April 5th, but no action was taken thereon until, as above stated, on the seventeenth day of May. The appeal is from the order purporting to deny the defendant's motion for a change of venue.

[1] It is apparent from the record that the order of the court purporting to deny the defendant's motion for a change of venue was inadvertently entered, for the simple reason that there was no motion before the court to be denied. The demand and affidavit, as hereinafter stated, did not constitute a motion, nor invoke the action of the court in passing thereon. [2] Section 397 of the Code of Civil Procedure provides for the making of the motion and this motion must be made in accordance with the requirements of section 1003 and section 1010 of the Code of Civil Procedure, specifying the contents and the time of service thereof. In support of his appeal the defendant cites section 395 of the Code of Civil Procedure, and the cases of *Power* v. *Sutro,* 80 Cal. 559 [22 Pac. 308] ; *Wong Fung Hing* v. *San Francisco Relief, etc.,* 15 Cal. App. 538 [115 Pac. 331] ; *Bonestell, Richardson & Co.* v. *Curry,* 153 Cal. 420 [95 Pac. 887] ; *Carter* v. *Broder,* 50 Cal. App. 69 [194 Pac. 527]. These cases have to do with the contents of the affidavit of merits, and without reviewing the cases, it may be here stated that the affidavit of merits appears to be sufficient, but the real defect in the defendant's efforts to secure a change of venue lies in his neglect to take the proper proceedings to authorize the court to order a transfer of the cause.

[3] While it is held that the notice of motion and the motion need not accompany the filing of a demurrer, affidavit, and demand, such motion must be made without delay. As stated in *Lundy* v. *Lettunich,* 50 Cal. App. 451 [195 Pac. 451] , ''Section 396, Code of Civil Procedure, requires only the demand and affidavit to be served and filed with the demurrer or answer. . . . The proceedings, it is true, must be prosecuted with diligence. (*Cook* v. *Pendergast,* 61 Cal. 79; *Pearkes* v. *Frear,* 9 Cal. 642; *Jones* v. *Frost,* 28 Cal. 246.) If it is made afterward the applicant must explain any seeming lack of diligence on his part. (*Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 401 [90 Pac. 932, 1135.]) ''

In *Hart* v. *Forgeus,* 184 Cal. 327 [193 Pac. 764], the supreme court, in relation to appeals from orders denying changes of venue, said: ''In accord with the well-settled rule, we must assume in support of the order that the superior court concluded that defendant did not act with due diligence in making his motion and that the motion should be denied for that reason.'' In that case, on March 26,

1919, defendant's attorney served a demurrer, demand in writing, affidavits of merits, together with the notice of motion to be made on April 4th for a change of place of trial. It appears that this motion was not presented to the court for action thereon until June 20th, when it was denied. The court cited the cases relied upon in the case of *Lundy* v. *Lettunich, supra,* and held that the trial court was justified in denying the motion on the ground that it was not prosecuted with diligence. The further defects in appellant's procedure is the fact that no motion for change of venue was ever made.

In *Bohn* v. *Bohn,* 164 Cal. 532 [129 Pac. 981], this defect in procedure on the part of a defendant desiring to secure an order changing the place of trial is conclusively held to be fatal.

In speaking of section 396 of the Code of Civil Procedure the court there said: "The filing of the demand and affidavit do not operate *ipso facto* to change the place of trial. They have no such force. The change can only be effected through an order of the court after its judicial action has been invoked, by bringing the matter on for hearing, where the right of the defendant to the transfer can be contested by the plaintiff. The court must be applied to for an order of transfer. Such application is a motion (Code Civ. Proc., sec. 1003), and under section 397, a motion for the change must be made in addition to the demand and affidavit, as one of the necessary steps in the procedure to obtain the order of transfer." So far as this question is concerned, it may be considered as now definitely settled. [4] If no notice of motion is given and no motion is made by the defendant seeking a change of venue, there is nothing before the trial court, and no action of the trial court is called for by the filing of a demand and affidavit. While the order of the trial court appealed from was wholly unnecessary on the part of the court as it purported to deny a motion that had never been made, we have set forth the facts as they may be gleaned from the record, in order to show that the appellant has not been injured by the action of the trial court, as he has not shown himself entitled to any other order.

We may also add that the supreme court of Montana, in the case of *State* v. *District Court,* 72 Mont. 56 [231 Pac.

395], considering the provisions of the Code of Civil Procedure of that state similar to sections 395, 396, 397 of the Code of Civil Procedure, holds that a demand and affidavit of merits are insufficient to invoke the order of the court, and that a notice of motion must be given and a motion made in order to invoke the action of the court and secure an order directing a change of venue.

Upon the record it is somewhat questionable as to whether we should dismiss the defendant's appeal or enter an order affirming the action of the trial court, but as the effect upon the appellant will be the same in either case, we content ourselves with the latter course. The order of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.