[Civ. No. 35882. Second Dist., Div. Four. Apr. 6, 1970.]

PEERLESS INSURANCE COMPANY, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
A. E. ACKROYD, Real Party in Interest.

### Counsel

Arthur Wasserman for Petitioner.

No appearance for Respondent.

Le Roy L. Center for Real Party in Interest.

### Opinion

**ALARCON, J.**[*] — The Peerless Insurance Company, Inc., has filed a petition before this court seeking a peremptory writ of mandate to order the Superior Court of Los Angeles County to vacate its order requiring the petitioner to join Alfred Lee as a party plaintiff or defendant and to serve a summons upon him.

---

[*]Assigned by the Chairman of the Judicial Council.

## Factual Background

The petitioner (hereinafter referred to as plaintiff) filed a complaint on January 19, 1965, to recover $8,719.88 which was paid under its insurance policy to Alfred Lee for damage to an airplane owned by Lee, caused by the alleged negligence of A. E. Ackroyd, the real party in interest (hereinafter referred to as defendant). The complaint alleges that the total damage to the aircraft was in the amount of $14,109.10. An answer was filed by the defendant containing denials of liability or damage. By amendment, the defendant alleged that Alfred Lee, through misrepresentation or negligent use of words, had caused the defendant to believe that the insurance policy issued by the plaintiff covered the defendant from all liabiltiy during the time the defendant rented the airplane from Lee. The defendant did not raise the issue of non-joinder of parties-plaintiff either by answer or demurrer.

The court's minutes show that the matter went to trial on February 29, 1969. By stipulation the issues raised by the affirmative defenses were to be tried first. The defendant testified. The minutes for February 24, 1969, indicate that on the court's own motion "trial is ordered off-calendar to permit counsel to properly prepare for trial."

The matter again came on for trial on September 16, 1969. The trial judge on his own motion raised the issue of non-joinder of Alfred Lee and ruled that in a subrogation matter the insured is an indispensable party.

The trial court held "(1) That the Plaintiff, Insurer, asserting a right ot subrogation to a portion only of its Named Insureds' alleged cause of action, without having made the Named Insured a party Plaintiff or Defendant (CCP § 382), his absence will prevent the Court from rendering any effective Judgment between the parties without inequitably affecting and jeopardizing his interest, and his interests must necessarily be inequitably affected and jeopardized, he retaining the remainder of his alleged cause of action against Defendants, Plaintiff attempting to split that cause of action which is but a single cause of action or a single tort, for damages to a single item of personal property, to wit, the Cessna, this Court has no jurisdiction of or over or to proceed with the trial of this cause; and

"(2) This Court will order Plaintiff to join the said Albert [Alfred] Lee as a party Plaintiff or Defendant, and for that purpose to amend the Complaint herein and to cause Summons (if he be a party Defendant) to issue and be served upon him, either personally or by publication; and

"(3) If Plaintiff refuse so to do, . . . it will dismiss the cause as being one over which it has no jurisdiction (CCP § 389)."

## PROBLEM

Under the facts set forth in the complaint, Alfred Lee could assert a cause of action against the defendant for total damages in the amount of $14,109.10. The plaintiff insurance company seeks to recover only that portion of the total damages paid to its insured under the policy. Is an insured an indispensable party to a subrogation action where the loss to the insured is greater than the amount of insurance paid?

## DISCUSSION

Indispensable parties under California law are defined as follows: "A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties." (Code Civ. Proc., § 389.)

The trial court has held that the insured is an "indispensable party." █ If this is so, then it is a matter of jurisdiction which may be raised at any time by the trial court or even the appellate court on its own motion (*Hardie* v. *Chew Fish Yuen,* 258 Cal.App.2d 301, 303 [65 Cal.Rptr. 594]), and the court must dismiss the action if the indispensable party is not joined. (Code Civ. Proc., § 389.) █ On the other hand, the non-joinder of a necessary party is not jurisdictional, may be reversible error dependent upon circumstances (*Harrington* v. *Evans,* 99 Cal.App.2d 269, 271 [221 P.2d 696]), and appears to be a matter which may be and in fact is waived unless timely and proper objection (usually by demurrer or answer) is made.

In *Offer* v. *Superior Court,* 194 Cal. 114, 118-119 [228 P. 11], it is stated: "It may be suggested that to permit the insurer to sue at law in cases where the extent of the loss is not covered by the insurance policy would result in splitting a cause of action sounding in tort and thus subject the defendant to two suits upon a single cause of action. It seems, however, that this result may be avoided by joining the insured as a coplaintiff . . . or as a codefendant . . . and if the plaintiff fails to do so the defendant may protect himself by pleading such defect of parties, either by demurrer or by plea in abatement. . . . It would seem to follow that if the wrongdoer in an action against him by the insurer for the amount of damages covered by the insurance does not demur or enter a plea in abatement because of nonjoinder, the defect is waived and he might be held liable to the insured in another action for the amount of the loss not covered by the insurance policy."

In the instant matter defendant did not object by demurrer or answer.

The record indicates that trial actually commenced on February 24, 1969, with no objection of any kind as to the jurisdiction of the court. When trial resumed on September 16, 1969, defendant apparently moved that the cause be tried as governed by the law of New Mexico. Defendant contends that the transcript shows that he raised the issue of non-joinder by motion at that time. However, the partial transcript does not show this. It appears that defense counsel was presenting argument related to the question of whether, under New Mexico law, an insurer is a real party in interest and entitled to maintain the action. The court pointed out to counsel that the California statute (Code Civ. Proc., § 367) is identical to the New Mexico statute. Counsel insisted that New Mexico had interpreted this statute differently than the courts in California, and during this argument he referred to the "notation" of a New Mexico case, stating that "in that particular case the report did apparently hold that either party is the real party in interest, but it also states that in the event of timely motion, it would be necessary to order the joinder of the other party. However, I am not going to hold to that, your Honor, because if that's the law of New Mexico, I don't want to delay this action. . . ." Rather than being a motion to require plaintiff to amend to include the insured as a party, this appears to be a waiver.

 Under the rule of the *Offer* case the insured was not an indispensable party to the action initiated by the plaintiff. Instead he was a conditionally necessary party to the settlement of the entire controversy as defined in Code of Civil Procedure section 389.[1]

 Upon order of the trial court a conditionally necessary party must be joined if he is subject to the jurisdiction of the court. (Code Civ. Proc., § 389.) With regard to the joinder of "necessary" parties, the rule is set forth in *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 523 [106 P.2d 879]: "They should normally be joined, and the court, following the equity rule, will usually require them to be joined, in order to carry out the policy of complete determination and avoidance of multiplicity of suits. But, since the rule itself is one of equity, it is limited and qualified by considerations of fairness, convenience, and practicability."

In the instant case, it was stipulated at the hearing "That Plaintiff has made reasonable efforts to find him, [Alfred Lee] but that he has not been located."

In *London etc. Bank* v. *Smith,* 101 Cal. 415, 423 [35 P. 1027], the court

---

[1]"A person who is not an indispensable party but whose joinder would enable the court to determine additional causes of action arising out of the transaction or occurrence involved in the action is a conditionally necessary party." (Code Civ. Proc., § 389.)

quotes from Story's Equity Pleading, section 78 with regard to well-recognized exceptions to the rule requiring joinder of "necessary" parties: " 'The first exception to the rule, which we shall notice, is the utter impracticability of making the new or necessary parties. This occurs, of course, when such new parties are without the jurisdiction of the court, and when, consequently, they cannot be reached by the process of the court. In such a case, to require such persons to be made parties would be equivalent to a dismissal of the suit, and amount to a denial of justice. Hence, it is a common rule of the court that, when a person who ought to be a party is out of the jurisdiction of the court, if the fact is stated in the bill, and admitted by the answer, or proved (if denied) at the hearing, that of itself constitutes a sufficient ground for dispensing with his being made a party, and the court will proceed to a decree without him.' " And, as stated in *Bank of California* v. *Superior Court, supra,* 16 Cal.2d 516, 520-521: "But the equity doctrine as developed by the courts is loose and ambiguous in its expression and uncertain in its application. Sometimes it is stated as a mandatory rule, and at other times as a matter of discretion, designed to reach an equitable result if it is practicable to do so. And despite various attempts at reconciliation of conflicting expressions, . . . a great deal of confusion still remains in the cases. . . . Bearing in mind the fundamental purpose of the doctrine, we should, in dealing with 'necessary' and 'indispensable' parties, be careful to avoid converting a discretionary power or a rule of fairness in procedure into an arbitrary and burdensome requirement which may thwart rather than accomplish justice."

■ The trial court erred in ruling that it has no jurisdiction to proceed in this matter without the joinder of the insured.

The insured was a conditionally necessary party whose presence was waived by the failure of the defendant to raise the question of joinder.

Let a peremptory writ of mandate issue requiring the trial court to vacate its orders of September 16, 1969, and December 17, 1969, wherein the trial court threatens to dismiss the instant matter.

Files, P. J., and Kingsley, J., concurred.