[Civ. No. 38473. Second Dist., Div. Three. Jan. 26, 1972.]

**P. B. LITTLE**, Plaintiff and Respondent, v.
CRAIG STEVENS, Defendant and Appellant.

## COUNSEL

Dewar & Davis and Robert M. Hall for Defendant and Appellant.

Richards, Watson & Dreyfuss and Robert L. Hitchcock for Plaintiff and Respondent.

## OPINION

**COBEY, Acting P. J.**—The sole question on this appeal from a summary judgment in favor of plaintiff is whether an action lies in California to enforce an Oklahoma money judgment, unstayed but under appeal there. In other words, is this the type of judgment of a sister state to which the courts of California are required under article IV, section 1 of the United States Constitution and 28 United States Code section 1738 to give full faith and credit? ■ The trial court ruled in effect that the Oklahoma judgment was a final judgment *for this purpose*. We agree and affirm.

Code of Civil Procedure, section 1913, in effect since 1872, provides in relevant part that: "The effect of a judicial record of a sister state is the same in this State as in the state where it was made, except that it can only be enforced here by an action or special proceeding . . . ." A judgment is a judicial record within the meaning of this section. (*Smith* v. *Smith*, 115 Cal.App.2d 92, 102 [251 P.2d 720]; *Hood* v. *Hood*, 211 Cal.App.2d 332, 337-338 [27 Cal.Rptr. 47].) Oklahoma Statutes, section 968 provides in substance, with an exception here immaterial, that no proceeding to reverse, vacate or modify a judgment shall stay its execution unless an appropriate stay bond is filed.[1] No such bond was filed in this case. Conse-

---

[1] In relevant part section 968 reads: "No proceeding to reverse, vacate or modify any judgment or final order rendered in the county, superior or district court . . . shall operate to stay execution, unless the clerk of the court in which the record of

quently the Oklahoma judgment before us is subject to execution, that is, enforcement in Oklahoma. This being the case, under section 1913 an action to enforce the judgment in this state lies.

In 1870, two years before the enactment of section 1913, our Supreme Court held in *Taylor* v. *Shew,* 39 Cal. 536, 539-540, that an action could be maintained in this state on two New York judgments under appeal but unstayed there. We have found no California case since then so holding. The holding, however, is in accord with the great weight of apparently numerically limited authority in the United States on the point. (See Annot., Judgment Subject to Appeal as Entitled to Full Faith and Credit (1965) 2 A.L.R.3d 1384, 1384-1385.) It is also in agreement with the view of the Restatements and of at least one commentator. (See Rest. 2d Conflict of Laws (1971) §§ 107, com. e; 112, com. b; cf. Rest., Judgments (1942) § 41, com. d; 3 Freeman on Judgments (5th ed. 1925) § 1453, p. 2990.)

In holding that the action before us to enforce the Oklahoma money judgment lies, we intimate no opinion on whether the execution of the California judgment under review should be stayed until the appeal from the Oklahoma judgment has been determined. (See Rest. 2d Conflict of Laws *id.*; Sumner, *Full Faith and Credit for Judicial Proceedings* (1955) 2 U.C.L.A. L. Rev. 441, 462-64; cf. Code Civ. Proc., § 1713.6.)

The judgment is affirmed.

Schweitzer, J., and Allport, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1972.

---

such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, as follows: . . ."