[Civ. No. 34130. First Dist., Div. One. Feb. 21, 1974.]

KATHLEEN VAN DEVENTER HAMILTON, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents;
GERALD VAN DEVENTER, Real Party in Interest.

**COUNSEL**

Schapiro & Thorn and Suzie S. Thorn for Petitioner.

No appearance for Respondents.

Singleton & Brown and Alexander H. Singleton for Real Party in Interest.

**OPINION**

**MOLINARI, P. J.**—In this case we issued an alternative writ of mandate to determine the propriety of the transfer by respondent Superior Court of Santa Clara County of an action filed by petitioner against real party, her former husband, in San Mateo County to establish a foreign judgment of divorce, for a modification of that judgment to award custody of the minor child of the parties to petitioner, and seeking temporary custody

of said child and a restraining order against real party. We have concluded that respondent court of San Mateo County erred in ordering the transfer of the action.

The action to establish the foreign judgment was filed on July 13, 1973, in San Mateo County. At that time and since 1970 petitioner, plaintiff in said action, was a resident of Santa Clara County. Real party, the defendant in said action, was a resident of the State of Colorado and he was served with process in that state. The default of real party was entered on September 14, 1973. A motion to set aside said default was filed by real party on September 28, 1973, and said motion was granted on October 24, 1973. In its order setting aside the default respondent Superior Court of San Mateo County, upon its own motion, also ordered the action transferred to the Santa Clara County Superior Court. The San Mateo County court in its order did not state any ground or reason for transferring the case. Real party asserts that the reason for said transfer was petitioner's residence in Santa Clara County and the fact that the Probation Department of Santa Clara County had previously prepared a social service report on the best interests of the minor child of the parties.

We observe, initially, that the San Mateo County court had jurisdiction of the action and that its order transferring the action was tantamount to a refusal to exercise its jurisdiction. ■ A court cannot refuse to assume jurisdiction, nor divest itself thereof, either summarily or by a deliberately made but erroneous decision that it has no jurisdiction and mandamus will lie to compel the court to assume and exercise its jurisdiction. (See *Peerless Ins. Co.* v. *Superior Court*, 6 Cal.App.3d 358, 363 [85 Cal.Rptr. 679].)

Petitioner contends that this action was properly commenced in San Mateo County pursuant to the provisions of subdivision (a) of section 395 of the Code of Civil Procedure.[1] That statute provides, in pertinent part, as follows: "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. . . . *If none of the defendants reside in the state* or if residing in the state and the county in which they reside is unknown to the plaintiff, *the action may be tried in any county which the plaintiff may designate in his complaint,* . . ." (Italics added.)

In the light of the provisions of section 395 it is clear, contrary to asser-

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

tion by real party, that if that statute is applicable to the instant case petitioner has alleged sufficient facts to establish a prima facie basis for extraordinary relief. In her complaint to establish the foreign judgment petitioner alleged that real party is a resident of the State of Colorado and by commencing the action in San Mateo County designated that county as the county in which she desired that the action be tried.

■ We are satisfied, as contended by petitioner, that the applicable statute for our consideration is section 395. Petitioner is seeking to establish a foreign judgment of divorce. ■ "An action upon a judgment is in its nature transistory and not local, and may therefore be brought wherever the requisite jurisdiction may be obtained." (*Thomas* v. *Thomas,* 14 Cal.2d 355, 359 [94 P.2d 810] citing § 395; see 2 Freeman on Judgments (5th ed.) p. 2251.)

■ A foreign judgment can be enforced in this state only by an action. (§ 1913;[2] *Thomas* v. *Thomas, supra,* 14 Cal.2d 355, 358; *Little* v. *Stevens,* 23 Cal.App.3d 112, 114 [99 Cal.Rptr. 885]; *Leverett* v. *Superior Court,* 222 Cal.App.2d 126, 131 [34 Cal.Rptr. 784].) When a judgment of a sister state is established as a foreign judgment, in full force and effect, it becomes a California judgment for purposes of enforcement in this state. (§ 1915; *Biewend* v. *Biewend,* 17 Cal.2d 108, 113-114 [109 P.2d 701, 132 A.L.R. 1264]; *Leverett* v. *Superior Court, supra; Creager* v. *Superior Court,* 126 Cal.App. 280, 282-283 [14 P.2d 552].)

■ Since an action brought pursuant to section 1913 is transitory and may be brought wherever the requisite jurisdiction can be obtained, petitioner, upon allegations that a foreign judgment was in full force and effect and that real party resided outside the State of California, was entitled under the provisions of section 395 to seek its establishment as a domestic judgment in any county in the State of California. Accordingly, her designation of San Mateo County may not be faulted. The cases interpreting section 395 have long recognized this right. (See *Rains* v. *Diamond Match Co.,* 171 Cal. 326, 328 [153 P. 239]; *Banta* v. *Wink,* 119 Cal. 78, 80 [51 P. 17]; *Thomas* v. *Placerville G. Q. M. Co.,* 65 Cal. 600, 602 [4 P. 641]; *Long* v. *General Petroleum Corp.,* 11 Cal.App.2d 708, 709-710 [54 P.2d 1147]; *San Jose Hospital* v. *Etherton,* 84 Cal.App. 516, 517-518 [258 P.

---

[2]Section 1913 provides: "The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding, and except, also, that the authority of a guardian or committee, or of an executor or administrator, does not extend beyond the jurisdiction of the government under which he was invested with his authority."

611]; *Ryan* v. *Inyo Cerro Gordo Min. etc. Co.,* 41 Cal.App. 770, 773 [183 P. 250]; *Pittman* v. *Carstenbrook,* 11 Cal.App. 224, 227 [104 P. 699].)

Real party asserts that petitioner has no right, nor will receive any benefit from having the action tried in San Mateo County. Without attempting to determine petitioner's motivation for filing her action in San Mateo County it can be stated that she is entitled to the protection of the venue statute. The Legislature has mandated that where the defendant resides out of the State of California a resident may bring her action in any county she desires to designate in her complaint, if all the requirements of the statute are otherwise satisfied. The right to bring an action, where the venue statutes permit a plaintiff to do so, bestows a right and results in a benefit upon her. To deny her that right would contravene notions of due process and equal protection of the laws.

■ Real party relies, essentially, upon section 397 as the appropriate statute controlling this controversy. Section 397 provides for the cases in which a court may change the place of trial.[3] A motion for change is necessary in order to obtain a change of venue under this section. (*Bohn* v. *Bohn,* 164 Cal. 532, 536 [129 P. 981]; *Hanovia Chemical etc. Co.* v. *Keller,* 82 Cal.App. 499, 501 [255 P. 884]; *Lundy* v. *Lettunich,* 50 Cal. App. 451, 453 [195 P. 451].) Such a motion must be made in accordance with the requirements of sections 1003 and 1010 specifying the contents and time of service thereof. (*Bohn* v. *Bohn, supra; Hanovia Chemical etc. Co.* v. *Keller, supra; Lundy* v. *Lettunich, supra.* ) In the instant case real party did not make such a motion. All that he did was to move to set aside his default. There was no motion filed stating grounds supplied by necessary affidavits to which petitioner could respond. The change of venue was made by respondent Superior Court of San Mateo County *sua sponte.* Its order transferring does not indicate that it was made on the basis of any

---

[3]Section 397 provides: "The court may, on motion, change the place of trial in the following cases: 1. When the court designated in the complaint is not the proper court. 2. When there is reason to believe that an impartial trial cannot be had therein. 3. When the convenience of witnesses and the ends of justice would be promoted by the change. 4. When from any cause there is no judge of the court qualified to act. 5. When a proceeding for dissolution of marriage has been filed in the county in which the petitioner has been a resident for three months next preceding the commencement of the proceeding, and the respondent at the time of the commencement of the proceeding is a resident of another county in this state, to the county of the respondent's residence when the ends of justice would be promoted by the change. If a motion to change the place of trial is made pursuant to this paragraph the court may, prior to the determination of such motion, consider and determine motions for allowance of temporary support of the other party and of any children of the marriage, temporary restraining orders, attorneys' fees, and costs, and make all necessary and proper orders in connection therewith."

of the grounds provided in section 397.[4] ▆ Under the state of the record before us it appears that the transfer was made on the basis of petitioner's residence in Santa Clara County, and the fact that the Santa Clara County probation officer had prepared a social service report on the best interests of the minor child. This was not a valid ground. Under the circumstances, therefore, respondent Superior Court of San Mateo County was without authority to transfer the case to respondent Superior Court of Santa Clara County.

We observe, moreover, that neither real party nor the respondents has argued that subdivision 1 of section 397, providing for transfer when the court designated in the complaint is not the proper court, applies to this case. As already alluded to *any* court designated in the complaint is a proper court for this type of action. Subdivisions 2 and 4, providing, respectively, for transfers where an impartial trial cannot be had and where no judge of the court is qualified to act, are clearly not applicable nor have they been relied upon by real party and respondents. Subdivision 5 of section 397 is inapplicable because real party (who would properly be the respondent referred to therein) does not reside in a county within this state nor was any motion made by him at any time to change the place of trial.

With particular reference to subdivision 3 of section 397, we observe that there was no showing or any attempt to show that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Santa Clara County so as to make said subdivision applicable. ▆ The burden rests on one who seeks a change of venue under this subdivision to prove that both the convenience of witnesses and ends of justice will be promoted thereby, and this he must do through affidavits that contain more than generalities and conclusions. (*Corfee* v. *Southern Cal. Edi-*

---

[4]The order merely recites that "This matter came on for hearing . . ." and the order made provides in its entirety as follows: "ORDERED that default entered herein by plaintiff be vacated and furthermore [¶] IT IS ORDERED that this matter be transferred to the County of Santa Clara upon the court's own motion, the files, papers and proceedings herein and oral and documentary evidence presented so far." It is not contended or asserted by real party that any papers or affidavits dealing with changing the place of trial are on file or were considered by the trial court. In his response real party admits that the essential facts set forth in the petition are true and correct and with respect to the change of place of trial states as follows: "Petitioner did have notice of the Court's Order granting defendant's motion and vacating his default and of the Court's Order that the case be transferred to the County of Santa Clara on September 28, 1973, when the Court ruled following the arguments of both counsel, however. The Court stated that the reason for the transfer of the case to Santa Clara County was the residence of Plaintiff as set forth in the Complaint in addition to the fact that the Probation Department of the County of Santa Clara had previously prepared a social service report on the best interests of the minor child and subject matter of the Complaint."

*son Co.,* 202 Cal.App.2d 473, 477 [20 Cal.Rptr. 870; *Edwards* v. *Pierson,* 156 Cal.App.2d 72, 75 [318 P.2d 789].) Here no affidavits at all were filed or presented purporting to seek a change of trial on this ground or any other applicable ground.

Neither of the parties has mentioned section 397.5 which is of interest.[5] That section permits the trial court to transfer enforcement or modification proceedings after a final judgment under the Family Law Act. Although petitioner is also seeking a modification of the foreign divorce decree, section 397.5 is not applicable because the foreign judgment must first be established as a domestic judgment before the provisions of section 397.5 can come into play. As already pointed out, section 1913 provides that a foreign judgment can be enforced in this state only by an action. Accordingly, a foreign judgment is not a "final judgment" under the Family Law Act until it is established as a domestic judgment.

Our holding in this case is that petitioner was entitled to commence the action to establish the foreign judgment in San Mateo County notwithstanding she was a resident of Santa Clara County. Under section 395 she was also entitled to have the action tried in San Mateo County but the right to have the action tried in said county is subject to authority of the Superior Court of San Mateo County to change the place of trial as provided in section 397 upon motion and sufficient showing. Here no motion or sufficient showing was made authorizing respondent Superior Court of San Mateo County to change the place of trial.

Let a peremptory writ of mandate issue directing respondent Superior Court of Santa Clara County to transfer Santa Clara County Superior Court action No. 299382, entitled "Kathleen Van Deventer Hamilton v. Gerald Van Deventer" (San Mateo County Superior Court action No. 177053) to the San Mateo County Superior Court.

Elkington, J., concurred.

**SIMS, J.**—I respectfully dissent. I agree with the majority that under the provisions of section 395 of the Code of Civil Procedure, the plaintiff

---

[5]Section 397.5 provides: "In any enforcement or modification proceedings after a final judgment under the Family Law Act, Part 5 (commencing with Section 4000) of Division 4 of the Civil Code, when it appears that both petitioner and respondent have moved from the county rendering the decree, the court may, when the ends of justice and the convenience of the parties would be promoted by the change, order that the proceedings be transferred to the county of residence of either party."

mother was entitled to file her action to establish the foreign judgment in any court in the state. There is no question of jurisdiction involved. Although the superior court is organized into separate courts in 58 counties, it is properly referred to as a one state court for the purpose of jurisdiction. "The superior courts of the state of California, while located and functioning in the several counties of the state, are not local or county courts, but constitute a system of state courts, being vested with and exercising the judicial power of the state under the express terms of section 1 of article VI of the state constitution. . . ." (*Sacramento etc. D. Dist.* v. *Superior Court* (1925) 196 Cal. 414, 432 [238 P. 687]. Cf. §§ 1, 4, 10 and 11 of art. VI, as revised Nov. 8, 1966; and see 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, §§ 132 and 133, pp. 403-404.) The Legislature by statute and the courts by rule and decision can determine what is the proper venue of an action. This is particularly recognized in section 395 which commences by stating, "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title . . . ." I, therefore, conclude that there is no denial of due process or equal protection of laws if the plaintiff is provided a forum which is consistent with the law and decisions governing venue.

The parties have failed to furnish the court with any of the pertinent papers in the proceedings below, other than the court's order which petitioner seeks to have reviewed. In *Dow Chemical Co.* v. *Superior Court* (1969) 2 Cal.App.3d 1 [82 Cal.Rptr. 288], the petitioner sought a writ of mandate to compel the court to set aside its order of denial and to grant petitioner's motion for a commission to take the deposition of a nonresident witness. The court adverted to the requirements of California Rules of Court, and noted as follows: "Rule 56, California Rules of Court, provides that 'A petition to a reviewing court for a writ of mandate, certiorari, or prohibition, or for any other writ within its original jurisdiction, must be verified and shall set forth the matters required by law to support the petition. . . .' The petition must, of course, set forth the grounds for the relief sought (3 Witkin, Cal. Procedure (1954) § 56, p. 2544), but that is not all. Thus it has been held that when a writ of mandate is sought to compel a superior court to make an order different from that which it has entered, the record upon which the court acted in coming to its conclusion should be presented with the petition (*Charles L. Donohoe Co.* v. *Superior Court,* 79 Cal.App. 41 . . .). (See also *Favorite* v. *Superior Court,* 52 Cal.App. 316, 318-319 . . .; *Rose* v. *Superior Court,* 44 Cal.App.2d 599, 601 . . .; *In re Rapken,* 111 Cal.App. 107 . . . .)" (2 Cal.App.3d at p. 8, fn. 6.)

Turning to the record the petitioner advises that on July 13, 1973 she "filed a complaint to establish foreign judgment of divorce *and* for modification of foreign judgment as established to award custody of child to plaintiff and for order for temporary custody and restraining order" against the nonresident father. (Italics added.) She admits that the complaint alleges "plaintiff is now, and since 1970, has been a resident of the County of Santa Clara, City of San Jose, State of California." Since the petition alleges that defendant's default was entered, it may well be that the first part of the relief sought by the plaintiff—the establishment of the judgment—was granted. Thereafter the nonresident sought and obtained relief from the default. It is impossible to ascertain from the record whether the relief extended to an opportunity to attack the validity of the foreign judgment, or merely an opportunity to litigate the question of the second issue raised by petitioner, to wit, the issue of custody. In view of the paucity of the record, and because of the presumption in favor of the lower court's action, I am prepared to rule on the basis that the latter was the case.

In *Charles L. Donohoe Co.* v. *Superior Court* (1926) 79 Cal.App. 41 [248 P. 1007], the court observed, "The rule seems to be settled that where a petition for a writ of mandate and the answer of the court are submitted without evidence the answer must be taken as true." (79 Cal.App. at pp. 44-45. See also *Lotus Car Ltd.* v. *Municipal Court* (1968) 263 Cal.App.2d 264, 268 [69 Cal.Rptr. 3847] [Molinari, P. J.].) The verified answer alleges, "Petitioner did have notice of the Court's Order granting defendant's motion and vacating his default and of the Court's Order that the case be transferred to the County of Santa Clara on September 28, 1973,[1] when the Court ruled following the arguments of both counsel, however. The Court stated that the reason for the transfer of the case to Santa Clara County was the residence of the Plaintiff as set forth in the Complaint in addition to the fact that the Probation Department of the County of Santa Clara had previously prepared a social service report on the best interests of the minor child and subject matter of the Complaint." From the fore-

---

[1]Code of Civil Procedure section 400 provides, "When an order is made by the superior court granting . . . a motion to change the place of trial, the party aggrieved by such order may, within 10 days after service of a written notice of the order, . . . petition the court of appeal. . . ." Here the wife although aware of the court's ruling on September 28, 1973, waited until she was advised November 1, 1973 that the record had been sent to Santa Clara County. It is not clear whether or not she had written notice of the order signed October 24 and filed October 25, 1973, prior to November 1. It has been assumed that the order, which refers to a hearing on October 11, 1973, was not served on the petitioner earlier, and that the 10 days, exclusive of the weekend of November 10 and 11, ran through November 12, 1973, when the petition was filed.

going it may be assumed in support of the court's order that there was no issue remaining as to the establishment of the foreign judgment, and the case was in the posture where a mother was seeking modification of the custody proceedings against a non-state resident in a county in which she was not a resident. Sections 4600-4603 of the Civil Code govern proceedings where there is at issue the custody of a minor child. Section 4602 provides for the investigation to which the court referred when it made its order. The Legislature has expressed its stand with respect to resident parents in section 397.5 which provides: "In any enforcement or modification proceedings after a final judgment under the Family Law Act, Part 5 (commencing with Section 4000) of Division 4 of the Civil Code, when it appears that both petitioner and respondent have moved from the county rendering the decree, the court may, when the ends of justice and the convenience of the parties would be promoted by the change, order that the proceedings be transferred to the county of residence of either party."

It does not stretch the judicial function beyond the breaking point to engraft on the above section a rule that in order to give those who were divorced out of the state equal protection of the law, an action brought to enforce or modify a final judgment of divorce rendered by a foreign state is subject to the same rule when neither party is a resident of the county where the action was commenced. The record, such as it is, indicates that the ends of justice and the convenience of the parties, and particularly the best interests of the child would be promoted by a change of venue to the county in which the mother has the child's physical custody.

No reason is suggested for the mother's choice of forum. If for the convenience of her counsel whose card bears a San Francisco address, that should not suffice. (See *Great Northern Ry. Co.* v. *Superior Court* (1970) 12 Cal.App.3d 105, 112 [90 Cal.Rptr. 461] [cert. den. (1971) 401 U.S. 1013, 28 L.Ed.2d 550, 9 S.Ct. 1254].) Speculation on other reasons for the mother's adamant stand is profitless. She has failed to show why the order is not sensible and in the best interest of all concerned. This court should not use its process to upset the order made. There is no abuse of process or violation of a fundamental right.

It is suggested that because the court cannot order a transfer under section 397 on its own motion, the case be returned to San Mateo County, and that there the father can take appropriate proceedings to secure a transfer under sections 397 and 398 of the Code of Civil Procedure. His answer here evidences that he would do so. The court's ruling shows the facts and the reasons for the change. The petitioner has failed to give this court an adequate record. I would, therefore, in the exercise of discretion

deny the writ in order to avoid mere circuity of action which will but delay the final adjudication of the custody of the child. I would discharge the alternative writ and deny a peremptory writ.