ESTATE OF AMY ANN McGINNIS SPALDING, Deceased, CHARLES F. SPALDING, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Spalding v. Commissioner
Docket No. 1843-73.
United States Tax Court
T.C. Memo 1975-250; 1975 Tax Ct. Memo LEXIS 119; 34 T.C.M. (CCH) 1074; T.C.M. (RIA) 750250; July 30, 1975, Filed James B. Lewis, for the petitioner. David N. Brodsky and Kimball K. Ross, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: *120 Respondent determined a deficiency of $467,197.62 in estate tax for the estate of Amy Ann McGinnis Spalding. As the parties have settled several issues, the only one remaining for decision is whether Charles F. Spalding (hereinafter referred to as Charles or petitioner) is the "surviving spouse" of decedent Amy Ann McGinnis Spalding (hereinafter Amy) within the meaning of section 2056(a). [1]
All the facts are stipulated and found accordingly. We have set forth below those facts we deem necessary for an understanding of our decision herein. Petitioner is the duly qualified and acting executor of Amy's estate, having been appointed by the Superior Court of the State of California for the County of San Mateo on January 9, 1970. At the time of filing the petition herein, petitioner resided in New York, New York. Charles Spalding and Elizabeth C. Spalding (hereinafter Elizabeth) were married on May 4, 1945 in Haverford, Pennsylvania. They resided in Connecticut until November, 1962 when Charles moved to Westchester County, New York. *121 Elizabeth has continued as a resident of Connecticut. Six children were born of their marriage. On March 19, 1964 Charles secured a decree of divorce in the Second Judicial District Court of the State of Nevada in the County of Washoe. In this action, Charles appeared personally and by counsel while Elizabeth made no appearance. Noting that Elizabeth had been properly served but had failed to answer the complaint, judgment was entered for Charles. In its decree, the court stated: NOW, THEREFORE, by virtue of the law and the facts, it is hereby ORDERED, ADJUDGED AND DECREED as follows: 1. That plaintiff [Charles] be, and he is hereby, given and granted a final and absolute divorce from the defendant; that the marriage heretofore and now existing between the parties is dissolved absolutely and forever and each of the parties hereby is restored to the status of an unmarried person. Subsequently, Elizabeth brought an action for declaratory judgment in the Supreme Court of the State of New York, County of Westchester seeking to establish that she was still Charles' legal wife. Both Elizabeth and Charles were present and represented by counsel when Elizabeth's action was heard *122 by the court on September 28, 1967. On March 13, 1968, the court entered Findings of Fact, Conclusions of Law and Judgment, relevant parts of which are as follows: FINDINGS OF FACT
* * * * *
4. That the defendant [Charles] since November, 1962, through June 1965, was a domiciliary [sic] of the County of Westchester and State of New York. * * * * *
CONCLUSIONS OF LAW
1. The judgment of divorce obtained by the defendant, Charles F. Spalding, against the plaintiff in the State of Nevada on or about the 19th day of March, 1964, is null and void on the ground that the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, had no jurisdiction of either the defendant, Charles F. Spalding nor of the plaintiff, Elizabeth C. Spalding herein, the plaintiff having been domiciled in the State of Connecticut at the time, and the defendant, Charles F. Spalding, having been domiciled in the State of New York. 2. That the marriage between the defendant, Charles F. Spalding and the plaintiff, Elizabeth C. Spalding herein, was not legally dissolved by a Court of competent jurisdiction. JUDGMENT Now, * * * it is ORDERED, ADJUDGED AND *123 DECLARED, that the alleged divorce procured by the defendant, Charles F. Spalding, from the plaintiff, in the Second Judicial District Court in the County of Washoe in the State of Nevada on the 19th day of March, 1964, was and is null and void, and of no effect whatsoever, and it is further ORDERED, ADJUDGED AND DECLARED, that the plaintiff, Elizabeth C. Spalding, is and at all times since May 4, 1945, has been the lawful wife of the defendant, Charles F. Spalding. No appeal was taken from either the Nevada or New York court decisions. On May 11, 1968, Charles participated in a marriage ceremony with Amy in San Francisco, California. Amy died testate on December 18, 1969, at which time she and Charles resided in Hillsborough, California. Her Last Will and Testament was admitted to probate on January 8, 1970 by the Superior Court of the State of California for the County of San Mateo. In her will, Amy devised her interest in their residence and bequeathed several articles of property and a portion of her residuary estate to Charles pursuant to a so-called marital deduction formula provision. Amy's executor filed a timely Federal estate tax return claiming a marital deduction *124 of $1,130,803.55. Respondent has disallowed this entire deduction on the basis that Amy and Charles were not legally and validly married on the date of her death. Section 2056(a) [2] provides for the allowance of a deduction from the gross estate of the value of property interests passing to decedent's "surviving spouse." Respondent makes no contention that the interests did not pass to Charles within the meaning of section 2056(a) nor is there any question involved herein as to the value of those interests. The sole issue before us is whether Charles was the "surviving spouse" of Amy as that term is used in section 2056(a). We have very recently given exhaustive *125 attention to the applicability of section 2056(a) where the validity of the "marriage" between the decedent and his or her purported surviving spouse was in question. Estate of Wesley A. Steffke, 64 T.C. (July 8, 1975) and Estate of Leo J. Goldwater, 64 T.C. (July 8, 1975). In both these cases we held that, where a prior divorce had been held to be invalid by a court of the state where the decedent's estate was being administered, the "surviving spouse" requirement of section 2056(a) was not satisfied. In so holding we specifically rejected the applicability of the rationale of Wondsel v. Commissioner,350 F.2d 339 (2d Cir. 1965), reversing in part T.C. Memo. 1964-213, Borax' Estate v. Commissioner,349 F.2d 666 (2d Cir. 1965), reversing 40 T.C. 1001 (1963), and Feinberg v. Commissioner,198 F. 2d 260 (3d Cir. 1952), reversing 16 T.C. 1485 (1951). Cf. Harold K. Lee, 64 T.C. (July 8, 1975). There is no evidence herein of any action by a court of California (the state where the estate herein was being administered) but we do not consider that the absence of such *126 action constitutes a material distinction. The fact is that a New York court, having jurisdiction of the parties and subject matter, had declared Charles' prior marriage invalid and that California would have been required to accord full faith and credit to the New York judgment under Article IV, Section 1, of the United States Constitution. Sutton v. Leib,342 U.S. 402, 406-409 (1952). [3] We deem this sufficient to fit this case within the mold of, and make controlling herein, our decisions in Steffke and Goldwater.[4]
*127 Petitioner urges that, under the doctrine of Jack E. Golsen,54 T.C. 742, 756-758 (1970), affd. on the substantive issue 445 F. 2d 985 (10th Cir. 1971), and since an appeal from our decision herein would be to the Second Circuit Court of Appeals, we are required to decide in his favor by virtue of Borax' Estate v. Commissioner,supra, and Wondsel v. Commissioner,supra. Neither of those cases involved the marital deduction and are not "squarely in point." See 54 T.C. at 757. Consequently, for the reasons stated in Estate of Leo J. Goldwater,supra, we consider the Golsen doctrine inapplicable. Cf. Harold K. Lee,supra.
To reflect the concessions of the parties and to dispose of other matters, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references shall be to the Internal Revenue Code of 1954, as in effect at the time of Amy's death.↩
2. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) Allowance of Marital Deduction.--For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.↩
3. California courts recognize this constitutional obligation to the judicial processes of its sister states. See Hamilton v. Superior Court of County of San Mateo,37 Cal. App. 3d 418, 422, 112 Cal. Rptr. 450, 452 (1st Dist., Ct. App. 1974); Biewend v. Biewend,17 Cal. 2d 108, 109 P. 2d 701, 704↩ (1941). Compare also sec. 4401, Ann Cal. Civ. Code (West 1970).
4. We expressly note that we are not dealing herein with a situation where the decedent's estate is administered or certain property is located in a state which may not give full faith and credit to the invalidation decree. See Colby v. Colby,78 Nev. 150, 369 P. 2d 1019 (1962), cert. den. 371 U.S. 888 (1962). But see Sutton v. Leib,342 U.S. 402, 408 (1952); Spolter, "Invalid Divorce Decrees," 24 Tax L. Rev. 163, 193 (1969); Note, "Invalidated Divorce Recognized for Federal Tax Purposes," 18 Stan. L. Rev. 750↩, nn. 10, 22 (1966).