Filed 11/22/22  Zhang v. Superior Court CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JANICE M. ZHANG, | B311867 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV19771) |
| v. | |
| LOS ANGELES SUPERIOR COURT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Susan Bryant-Deason, Judge.  Affirmed.

Law Office of R. Chris Lim, R. Chris Lim; Law Office of Michelle Kuo and Michelle Kuo for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo, Nate J. Kowalski, Jorge J. Luna, and Mae G. Alberto for Defendant and Respondent.

_____

Plaintiff and appellant Janice M. Zhang (Zhang) appeals from a judgment following the trial court's order sustaining defendant and respondent Los Angeles Superior Court's (LASC) demurrer to Zhang's first amended complaint without leave to amend. She does not challenge the propriety of the order sustaining the demurrer. Rather, she argues that the judgment must be reversed because the trial court erred by (1) failing to consider and then grant her request to change venue, and (2) failing to recuse itself and all other LASC judges because of an appearance of bias.

We are not convinced by Zhang's arguments. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Before she retired, Zhang was employed as an interpreter by the LASC. On May 22, 2020, acting in pro. per., she filed the instant action against her former employer.

As is relevant here, Zhang alleges in her pleading that she is a resident of Humboldt County. She asserts that "she will suffer extreme prejudice in conflict of interest because [LASC is] the Employer of all judges and witnesses. . . . Judges have obvious and hidden social and working relationships with court[] administrators and witnesses that will break down a judge, or a witness'[s] ability to remain fair and impartial if the case remains in the Los Angeles Superior Court. A motion to Change of Venue to Humboldt County Superior Court, California has [been] filed concurrently." (Bolding omitted.)

Zhang did not file a motion to change venue or set a hearing date for a motion. Instead, along with her complaint, she filed a "Memorandum of Points and Authorities in Support of Motion for Change of Venue."

2

LASC demurred, and the trial court held a hearing on the demurrer. Notably, at that hearing, Zhang raised assorted objections, but she did not challenge venue or assert that the trial court either was or could appear to be biased.

After entertaining oral argument, the trial court sustained the demurrer with leave to amend in part. Zhang then filed her first amended complaint. The amended pleading does not allege any objection to venue.

LASC again demurred. Zhang opposed the demurrer, and again did not mention any concern about venue and/or bias. At the hearing on LASC's demurrer, Zhang did not object on the grounds of venue and/or bias. The trial court sustained the demurrer without leave to amend.

Judgment was entered, and this timely appeal ensued.

**DISCUSSION**

I. *Venue*

We first consider whether the trial court erred in failing to consider Zhang's purported motion to change venue.

Zhang all but concedes that this issue was never brought to the trial court's attention.[1] And, she offers no legal authority in support of her suggestion that a failure to rule on a request that the trial court was not even aware of could be reversible error. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Setting aside this obstacle, Zhang faces another. While she did object to venue in her original complaint and filed a

---

[1] Zhang did not mention her concerns at either hearing on LASC's demurrers. And, we are unconvinced by Zhang's counsel's oral argument that the burden to raise this issue somehow shifted to either the trial court or defense counsel.

memorandum of points and authorities, she never filed an actual motion requesting any relief. "If no notice of motion is given and no motion is made by the defendant seeking a change of venue, there is nothing before the trial court, and no action of the trial court is called for by the filing of a demand and affidavit." (*Hanovia Chemical & Manufacturing Co. v. Keller* (1927) 82 Cal.App. 499, 502.) It follows that there was nothing for the trial court to consider.

Urging us to conclude otherwise, Zhang contends that because "the basic elements of a motion were made in both [the] complaint and memorandum of points and authorities," we should deem those filings to constitute a proper motion. After all, she filed those documents in pro. per.; any "legal blunder" should be disregarded.

It is well-settled that "[e]xcept when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) Thus, even though she was self-represented, Zhang was obligated to comply with all rules concerning motion practice. And the Code of Civil Procedure is clear. Section 397 provides that a trial court may "on motion" change the place of a trial. Section 1010 further provides: "Notices must be in writing, and the notice of a motion . . . must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based." Neither the allegation in the original complaint[2] nor the memorandum of

_____

[2] We note that this allegation was omitted in the operative first amended complaint.

4

points and authorities indicated when Zhang's purported motion for change of venue would be heard, "rendering it fatally defective." (*Galleria Plus, Inc. v. Hanmi Bank* (2009) 179 Cal.App.4th 535, 538, citing *Bohn v. Bohn* (1913) 164 Cal. 532, 536; Cal. Rules of Court, rule 3.110(a) & (b) [a notice of motion must state, inter alia, the nature of the order being sought and the date, time, and location of any scheduled hearing on the motion].)

The parties dispute whether an order denying a motion for change of venue is appealable. But, as set forth above, the trial court did not issue an order on Zhang's purported motion to change venue because no such motion was ever filed. Thus, appealable or not, there is no "order" for us to review.

II. *Bias*

Almost in passing, Zhang further contends that the trial court had the affirmative duty to recuse itself and all LASC judges because of the "appearance of bias." Again, despite the Code of Civil Procedure setting forth the proper procedure for a party to object to a trial court judge (Code Civ. Proc., § 170.3, subd. (c)(1)), there was no request for recusal in the trial court. Zhang's failure to raise the issue below forfeits it on appeal. (*People v. Scott* (1997) 15 Cal.4th 1188, 1207 ["It is too late to raise the [disqualification] issue for the first time on appeal"]; *People v. Farley* (2009) 46 Cal.4th 1053, 1110 [party who fails to assert judicial bias in the trial court forfeits the claim on appeal]; *People v. Guerra* (2006) 37 Cal.4th 1067, 1111 [party may not challenge a judge's failure to sua sponte disqualify herself for the first time on appeal], overruled in part on other grounds by *People v. Rundle* (2008) 43 Cal.4th 76, 151, overruled in part on

5

other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

## DISPOSITION

The judgment is affirmed.  LASC is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT